In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-00-00210-CR


______________________________




OTIS DON WOODS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 180th Judicial District Court


Harris County, Texas


Trial Court No. 847366




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N


 Otis Don Woods was convicted of attempted sexual assault. His punishment, enhanced by
prior convictions, was set at thirty years' confinement. Woods pleaded guilty to the charge and true
to the two enhancement paragraphs, pursuant to a plea bargaining agreement with the State. The trial
court assessed the punishment recommended in the plea bargaining agreement. One of the
documents signed by Woods and his counsel in connection with the plea bargain was a "Waiver of
Appeal," which contains in capital letters "I HEREBY WAIVE ANY AND ALL RIGHTS TO
APPEAL THIS CASE." 

 Woods filed a pro se notice of appeal and a motion to withdraw his guilty plea, raising issues
as to his mental capacity at the time of trial and at the time of the offense. The court appointed an
attorney for Woods on appeal. Counsel then filed an amended notice of appeal, alleging that the
appeal was for jurisdictional defects, challenging the voluntariness of the guilty plea, and challenging
the written pretrial order that Woods was competent to stand trial. 

 Defense counsel filed a brief pursuant to Anders v. California, (1) concluding that there is no
error that could arguably support reversal on appeal, and moved to withdraw. Although we
permitted counsel to withdraw, we remanded the case to the trial court for the appointment of new
counsel on appeal, to address whether Woods' trial counsel rendered constitutionally effective
assistance, in view of Woods' history of mental illness, by her failure to file a notice of intent to
present an insanity defense, and her failure to request the appointment of a defense mental health
expert. New counsel on appeal has now filed a brief.

 The State challenges our jurisdiction to hear this appeal. It points out that as part of his plea
bargain, Woods waived his right to appeal. Citing Blanco v. State, 18 S.W.3d 218 (Tex. Crim. App.
2000), the State argues that there is no valid or compelling reason why Woods should not be held
to his bargain. Id. at 220. However, the Blanco case requires that there be no unfairness in the plea
bargaining agreement. 

 In this case, Woods raises a claim of ineffective assistance of counsel. As stated in
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the right to counsel
is the right to effective assistance of counsel. In setting forth the first of the two-pronged test for
determining ineffective assistance, the United States Supreme Court stated that deficiency of counsel
requires a showing that counsel made errors so serious that she was not functioning as the counsel
guaranteed to a criminal defendant by the Sixth Amendment to the United States Constitution. Id., 
466 U.S. at 687. Thus, a plea bargaining agreement, even one containing a waiver of the right to
appeal, made by a defendant without the assistance of effective counsel, is an unfair agreement
specifically excepted from the general rule set forth in Blanco v. State, 18 S.W.3d 218 (Tex. Crim.
App. 2000). While we recognize the difficulty of establishing such a claim in direct appeals,
Thompson v. State, 9 S.W.3d 808, 813-14 nn.5-6 (Tex. Crim. App. 1999), we are not without
jurisdiction to hear them. We therefore reject the State's challenge to our jurisdiction in this case.

 To prove his claim of ineffective assistance of counsel, Woods must show by a
preponderance of the evidence: 1) that his counsel's representation was deficient; and 2) that the
deficient performance was so serious that it prejudiced his defense. Strickland v. Washington, 466
U.S. 668; State v. Kelley, 20 S.W.3d 147, 151 (Tex. App.-Texarkana 2000, no pet.).

 In our order remanding this case to the trial court, we noted that the record showed there was
a failure to comply with the requirements of the Texas Code of Criminal Procedure regarding the
raising of the defense of insanity. The applicable provisions read as follows:

 Sec. 2. (a) A defendant planning to offer evidence of the insanity defense shall file
a notice of his intention to offer such evidence with the court and the prosecuting
attorney:


 (1) at least 10 days prior to the date the case is set for trial; or


 (2) if the court sets a pretrial hearing before the 10-day period, the defendant
shall give notice at the hearing; or


 (3) if the defendant raises the issue of incompetency to stand trial before the
10-day period, he shall at the same time file notice of his intention to offer evidence
of the insanity defense.


 (b) Unless notice is timely filed pursuant to Subsection (a) of this section,
evidence on the insanity defense is not admissible unless the court finds good cause
exists for failure to give notice.


 Sec. 3. (a) If notice of intention to raise the insanity defense is filed under Section
2 of this article, the court may, on its own motion or motion by the defendant, his
counsel, or the prosecuting attorney, appoint disinterested experts experienced and
qualified in mental health and mental retardation to examine the defendant with
regard to the insanity defense and to testify thereto at any trial or hearing on this
issue. 


Tex. Code Crim. Proc. Ann. art. 46.03 (Vernon 1979 & Supp. 2001) (emphasis added).


 Defense counsel did not follow the procedure mandated by the Code. No notice of intent to
offer evidence regarding the defense of insanity was filed. The motion filed with the trial court,
entitled "Motion for Psychiatric Examination: Sanity," concludes by asking the trial court "to order
that the Harris County Forensic Psychiatric Services conduct a psychiatric examination to determine
defendant's present sanity to stand trial pursuant to art. 46.03, Texas Code of Criminal Procedure." 
This is not the statutory requirement for the affirmative defense of insanity found in Tex. Pen. Code
Ann. § 8.01(a) (Vernon 1994). Defense counsel was aware that Woods had significant mental health
problems. Counsel was appointed on June 15, 2000. At that time, the trial court set the case for
"Arrg.-Psych Rept." On that same date, defense counsel filed both a motion for psychiatric
examination to determine competency to stand trial pursuant to Tex. Code Crim. Proc. Ann. art.
46.02, § 3(a) (Vernon Supp. 2001), and a motion for an examination regarding the insanity defense. 
In these motions, counsel refers to Woods' past psychiatric history and two prior incompetency
verdicts, and asserts that Woods hears voices, and that he was in the hospital for psychiatric
problems when the charged offense occurred. The trial court granted both motions. In the sanity
evaluation submitted to the court, we find an accounting of the facts of this incident:

 Mr. Woods explained that he was released from TDCJ (the Walls Unit in Huntsville)
the day before the alleged offense occurred. He said he took a bus to Houston,
bought some fast food and "junk food" at the Greyhound bus station, then purchased
some beer, and slept outdoors on the Miller Theater hill in Hermann Park. The next
day, he said, he went to the Social Security office downtown (on Bell Street) to see
about getting his SSI benefits resumed, and was frustrated by the need for a
reevaluation because he "wanted (his) money right away." Thinking that being
admitted to a psychiatric facility would speed up his eligibility, he then went to Ben
Taub Hospital, where he presented with (sic) the complaint of having the urge to
either jump off a bridge into Buffalo Bayou or walk in front of a train crossing
Houston Avenue. He said he was turned down for admission, went to a vacant floor
of the hospital building, and "grabbed one lady and then another and tore their clothes
off."


Given defense counsel's knowledge as indicated in her motions, it appears that counsel should have
filed the notice required in Tex. Code Crim. Proc. Ann. art. 46.03, § 2(a) (Vernon 1979). The State
argues in its brief that a defense counsel who would file such motion before there was a professional
evaluation would do so prematurely and run the risk of sanctions under Tex. Code Crim. Proc.
Ann. art. 1.052(e) (Vernon Supp. 2001). However, given defense counsel's knowledge of Woods'
actions and claims, such a motion would be neither premature nor sanctionable.

 Even if defense counsel was deficient in this respect, Woods must also show that the
deficiency was so serious as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687. 
In the case of a guilty plea, the defendant must show that counsel's alleged deficiencies caused the
plea to be unknowing and involuntary. State v. Kelley, 20 S.W.3d at 151. Woods and the State both
contend that is not the procedure followed in Harris County. Woods states in his brief that:

 [T]he undersigned's (counsel's) experience has been that in Harris County it is
customary for the motion for competency or insanity to be filed first. If an evaluation
is returned which suggests that insanity is indeed a viable defense, it is more common
for trial counsel to file his notice of intent to present evidence of insanity at that time. 
It would stand to reason that prior to an "insanity finding" from a psychiatrist or
mental health expert, any declaration of intent to present evidence of insanity would
often be rendered moot by contrary findings of the mental health experts which come
later." 

This argument effectively concedes the prejudice prong of the ineffective assistance argument. The
parties agree that no harm would come to a defendant in Harris County who raises the insanity issue
by the means shown in the record here rather than by following the Code of Criminal Procedure. 
Thus, we reject Woods' ineffective assistance claim.

 Woods' second issue raises the question of whether the holding of our prior opinion in In re
R.D.B., 20 S.W.3d 255 (Tex. App.-Texarkana 2000, no pet.), required defense counsel in this case
to seek the appointment of a court-ordered mental health expert to assist the defense. 

 The right of a criminal defendant to such an appointment was established in Ake v.
Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). The court in Ake held that when a
defendant makes a preliminary showing that his sanity at the time of the offense is likely to be a
significant factor at trial, the state is required to provide him access to a psychiatrist's assistance on
this issue if he cannot otherwise afford one. Id., 470 U.S. at 74. While the state is not required to
purchase for the indigent defendant all the assistance his wealthier counterpart can buy, he is entitled
to the basic tools of an adequate defense. Id., 470 U.S. at 77. 

 In R.D.B, 20 S.W.3d 255, we recognized the importance of a mental health expert to assist
the defense. Contrary to the State's assertion, the mental health expert is more than just a witness;
his purpose is to provide defense counsel with a basic tool for determining whether a mental health
report favorable to the State is correct, or whether to go forward with a plea of insanity. The defense
mental health expert serves as a valuable second opinion in the inexact science of psychiatry, where
opinions and diagnoses on the same person may differ widely.

 While in most claims of ineffective assistance the record generally does not contain sufficient
information to rebut the presumption that counsel functioned effectively, (2) the record in this case, as
in In re R.D.B., contains a substantial amount of information regarding Woods' previous mental
health history. As we previously noted, counsel was evidently aware of this history at the time she
filed her motions under Tex. Code Crim. Proc. Ann. art. 46.02 (Vernon Supp. 2001), and art. 46.03
(Vernon 1979). The court-appointed mental health expert filed two written reports in which he
found that Woods' father had beaten him with a two-by-four when he was a child and had thrown
him out the window where he struck his head on a rock. Woods had been committed at age thirteen
to a state mental hospital. There is evidence that he heard voices telling him to do bad things and
that he suffered hallucinations. There is a history of other commitments to mental institutions
because of his mental health. Even if Woods' post-trial motion is ignored, there remains substantial
evidence, known to trial counsel, showing past mental problems.

 While in no way disparaging the report of the court-appointed psychiatrist, we recall the
language of the Supreme Court in Ake, which reminds us that psychiatry is not an exact science, and
the same symptoms in the same person, examined by different psychiatrists, may very well result in 
different opinions as to condition and treatment. More than one opinion would reduce "the risk of
an inaccurate resolution of the sanity issues . . . ." Ake v. Oklahoma, 470 U.S. at 82. Like In re
R.D.B., and unlike Easley, we have a significant recorded history of mental illness. In addition, the
facts of the incident itself, particularly the location, further suggest the need for professional
assistance regarding Woods' mental health. We find that as part of counsel's obligation to render
effective assistance, defense counsel was required to request the court-appointed assistance of a
mental health expert. In re R.D.B., 20 S.W.3d at 261. We find that counsel's failure to do so was
prejudicial and undermines confidence in the outcome of the proceedings.





 We sustain the second issue on appeal. The judgment of the trial court is reversed, and the
case is remanded to the trial court for further proceedings consistent with this opinion.


 William J. Cornelius

 Chief Justice


Date Submitted: September 4, 2001

Date Decided: October 26, 2001


Publish




1. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. See Easley v. State, 978 S.W.2d 244 (Tex. App.-Texarkana 1998, pet. ref'd), in which
Appellant claimed ineffective assistance of trial counsel because, inter alia, counsel failed to request
an appointment of a mental health expert for the defense. Just as occurred in the present case,
counsel moved for a psychiatric evaluation of his client under Tex. Code Crim. Proc. Ann. arts.
46.02, § 3 (Vernon Supp. 2001), 46.03, § 3 (Vernon 1979 ). Finding no lack of effective assistance,
we stated:

 [S]ince the record shows that Easley's lawyer did file a motion for evaluation of
Easley's mental status and competency to stand trial, and since her appellate counsel
did not dispute that this motion was granted or that the evaluation was performed, it
is a reasonable conclusion that the results of this evaluation could have influenced
the decision by Easley's trial counsel not to make an ex parte request for an expert to
testify as to her state of mind at the time of the killing. In the absence of evidence to
the contrary, we cannot say that this decision denied Easley the effective assistance
of counsel.


Easley v. State, 978 S.W.2d at 250-51 (emphasis added).