**The STATE of Texas, Appellant**

v.

**Marcus Eugene DIXON, Appellee.**

**No. 06–94–00191–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 10, 1995.

Decided Feb. 10, 1995.

M.C. Superville, Jr., Asst. County Atty., and Tom Wells, County Atty. of Lamar County, Paris, for the State.

Pam Campbell, Paris, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Marcus Eugene Dixon was tried and convicted of aggravated sexual assault. The trial court granted his motion for a new trial. The State appeals. We affirm.

Dixon was indicted for aggravated sexual assault of his thirteen-year-old stepdaughter. He was tried March 1–2, 1994, before a jury in the District Court of Lamar County. He was convicted and assessed punishment at ninety-nine years in prison and a fine of $10,000.00.

Dixon's newly appointed counsel filed a motion for a new trial on four grounds: (1) ineffective assistance of counsel; (2) jury misconduct; (3) prosecutorial misconduct; and (4) *Batson*[1] violations. The State filed a response, and the court held a hearing.

At the hearing the court took judicial notice of its file, which contained Dixon's motion for a new trial, the State's response, and the attached affidavits and exhibits. Dixon's appellate counsel also called Dixon's trial counsel, George Preston. The State called two jurors: Bill Bell, the foreman, and Charles McMellon.

The court signed an order on May 4, 1994, granting the motion for new trial. In the order the court stated its reasons for granting a new trial: the defense counsel failed to ask the jury panel members if they had a loved one who had been a victim of sexual abuse, and the prosecutor struck all black members of the venire. The court went on to say that defense counsel was at least to some extent ineffective; that had he asked the right question of the panel members, the result of the trial would have been different, at least with respect to punishment; that, although the court accepted the State's race-neutral reasons for striking the black panel members, Dixon was still deprived of a jury with members of his race on it; and that, because of the cumulative effect of those facts, Dixon did not receive a fair trial. It was proved at the hearing on the motion for new trial that the jury foreman's nine-year-old granddaughter had been the victim in another sexual indecency case. The trial court withdrew his original order on May 13 and signed a new order granting a new trial but omitting the reasons.

A trial court's decision to grant a new trial is reviewed on an abuse of discretion standard. *State v. Gonzalez*, 855 S.W.2d

1. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

692, 696 (Tex.Crim.App.1993). A reviewing court will reverse only when the trial court's decision was clearly wrong and outside the zone of reasonable disagreement. *Id.* at 695 n. 4, quoting *Cantu v. State,* 842 S.W.2d 667, 682 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993). The reviewing court will not substitute its judgment for that of the trial court, but only decides whether the trial court's decision was arbitrary or unreasonable. *Id.,* quoting *Landry v. Travelers Ins. Co.,* 458 S.W.2d 649, 651 (Tex.1970). The trial court may grant a motion for a new trial in the interest of justice. *Gonzalez v. State, supra.* And our Supreme Court has held that the court may do so in a civil case, even though the ground is not specifically enumerated in the procedural rule governing new trials. TEX.R.APP.P. 30(b); *Landry v. Travelers Ins. Co., supra.* We find no reason to make a distinction in a criminal case.

■■ Since the trial court in its second order withdrew its previous order and did not restate the grounds for its action, we assume that it reconsidered the matter and found that the State discriminated by using its peremptory challenges to strike the blacks from the jury panel.[2] The reviewing court will give great deference to the trial court's rulings on alleged *Batson* violations. The *Batson* error, combined with the failing of defense counsel in voir dire, apparently convinced the trial court that Dixon had been deprived of a fair trial and that, in the interest of justice, he should have a new trial. We cannot say that decision was an abuse of the court's discretion.

The judgment is affirmed.

---

**2.** The second order was signed during the time the trial court retained the power to modify or correct its judgment. TEX.R.APP.P. 31; *Rodriguez v. State,* 852 S.W.2d 516 (Tex.Crim.App.1993).