NO. 07-01-0353-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 20, 2002
_____

JOSEPH PETE ROCKHOLT,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 46th DISTRICT COURT OF HARDEMAN COUNTY;

NO. 3686; HON. TOM NEELY, PRESIDING
_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

Joseph Pete Rockholt (appellant) appealed his conviction for driving while intoxicated. His two points of error concerned the sufficiency of the evidence underlying the conviction and the trial court's failure to grant him a new trial. We affirm.

### Issue One – Conflict of Interest

Appellant initially contended that the trial court erred in denying his motion for new trial. He believed himself entitled to same because "of the conflict of interest between the Prosecutor and the attorney for the Defendant." The supposed conflict existed because

the prosecutor and counsel were uncle and nephew, respectively. Furthermore, this conflict "prejudiced [the appellant] in the form of *ineffective counsel*." (Emphasis added). We overrule the contention for the following reasons.

First, appellant admitted to knowing of the relationship between his attorney and the prosecutor before trial. Despite having this knowledge, he voiced no objection. Under this situation, he must show that an actual conflict existed before we can hold that he was denied effective assistance of counsel. *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S. Ct. 1708, 1719, 64 L. Ed. 2d 333, 347-48 (1980); *Pollan v. State*, 612 S.W.2d 594, 596 (Tex. Crim. App. 1981). A potential conflict is not enough. *Id.* Here, the only purported evidence of a conflict consisted of the familial relationship between defense counsel and the prosecutor. However, that alone is not evidence of an actual conflict. *State v. Kelley*, 20 S.W.3d 147, 154-55 (Tex. App.–Texarkana 2000, no pet.). Given this and the absence of any evidence tending to illustrate that trial counsel was required to choose between advancing appellant's interests or those of another, *see Ex parte Morrow*, 952 S.W.2d 530, 538 (Tex. Crim. App. 1997), *cert. denied*, 525 U.S. 810, 142 L.Ed.2d. 31, 119 S.Ct. 40 (1998) (stating that a conflict exists when counsel must choose between advancing his client's interests or those of another to his client's detriment), appellant failed to illustrate that his counsel was ineffective.[1]

Second, appellant's trial counsel was not appointed by the State but retained. So too did appellant know of the relationship in question before trial and withheld objection

---

[1]That no actual conflict existed distinguishes the situation before us from that in *Ramirez v. State*, 13 S.W.3d 482 (Tex. App.-Corpus Christi 2000, pet. denied), a case upon which appellant relied. Thus, *Ramirez* is not controlling.

or comment. Moreover, the trial court afforded him opportunity to develop the supposed conflict via a hearing on his motion for new trial. Other than opining that trial counsel may not have fought for him "like I thought he should have," no evidence of how the relationship impacted upon the quality of counsel's representation or the outcome of the trial was presented. On the other hand, appellant did acknowledge that 1) his attorney and the State's representative came "to words" at least once during the trial and 2) trial counsel did not refuse to do anything which appellant asked him to do.

While the court in *Kelley* stated that a potential conflict may be *a factor* to weigh when a trial court is asked to grant a new trial, it did not hold that a potential conflict alone warrants a new trial. *Kelley v. State*, 20 S.W.3d at 155. This is especially so when the trial court gave the appellant a chance to develop the purported conflict (albeit post-trial) and appellant proved neither a conflict nor its affect. Under these circumstances, we cannot say that the trial court abused its discretion in refusing to grant appellant a new trial. *See id.* at 150 (holding that the decision to grant a new trial lies in the discretion of the trial court).

### Issue Two – Sufficiency of the Evidence

Next, appellant questioned the sufficiency of the evidence underlying his conviction. The entirety of his argument consisted of the following:

> The Defendant does not recite point by point the relative weight of the evidence for reversal because of the presumed error heretofore set forth in Point of Error No. 1. Vel non this assertion, it is submitted that the weight and sufficiency of the evidence is contrary to the verdict rendered in this case justifying a reversal and remand for new trial.

3

As can be readily seen, neither legal authority nor analysis accompanies the contention. Consequently, appellant failed to comply with Texas Rule of Appellate Procedure 38.1(h) requiring same and, thereby, waived the contention. *Alvarado v. State*, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995) (holding that one waives an issue if he neither cites authority supporting it or provides substantive analysis explaining it).

Accordingly, the judgment is affirmed.

Brian Quinn
Justice

Do not publish.