

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-09-00399-CR

HENRY GRIFFIN                                                        APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

-----------

### FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

-----------

## MEMORANDUM OPINION[1]

----------

Henry Griffin appeals his conviction by a jury for possession of one or more but less than four grams of a controlled substance in a drug-free zone. In four issues, appellant challenges the sufficiency of the evidence to support the conviction, the trial court's refusal to allow disclosure of the identities of the confidential informants (CIs), the trial court's admission of evidence for which

---

[1]*See* Tex. R. App. P. 47.4.

appellant contends the State failed to lay a proper predicate, and the alleged denial of his right to a speedy trial. We affirm.

## Background

On September 11, 2008, Detectives Fletcher, Padgett, and Bolin of the Denton Police Department supervised three controlled buys at 625 Park Lane, Denton using two CIs. The detectives executed a search warrant for the home the next day. Both appellant and his son, Javier Johnson, were present. When the police searched appellant, they found six rocks of cocaine in his pocket. A grand jury indicted appellant for possession of a controlled substance with the intent to deliver in a drug-free zone. After trial, however, a jury found him guilty only of the lesser-included offense of possession of a controlled substance in a drug-free zone.

## Sufficiency of the Evidence

In his fourth issue, Appellant challenges the sufficiency of the evidence to support the conviction. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).[2]

---

[2]Appellant challenges both legal and factual sufficiency in his fourth and fifth issues. But after appellant filed his brief, the court of criminal appeals

2

Appellant never explains why he contends that the evidence is insufficient; for instance, he does not argue that there is insufficient evidence of the weight of the drugs or that he possessed them in a drug-free zone.

The evidence shows, and appellant does not dispute, that when police executed a search warrant[3] at 625 Park Lane, they found appellant with six rocks of cocaine in a glass vial wrapped in a towel and placed in his pocket. Detective Fletcher testified that, based on a map maintained by the Denton Police Department, 625 Park Lane is located within 1000 feet of Fred Moore High School. Detective Bolin testified that the southernmost boundary of the high school property was two blocks away from Park Lane and that the house was located within the 1000-foot perimeter. Linda Hollingshad with Denton County Geographic Information Services testified that she created a map admitted as State's exhibit 14, which depicts the 1000-foot radius around Fred Moore High School and which shows 625 Park Lane as being within the 1000-foot perimeter.

overruled cases that allowed a factual sufficiency review and held that there is "no meaningful distinction between the . . . legal-sufficiency standard and the . . . factual-sufficiency standard." *Brooks v. State*, 323 S.W.3d 893, 901 (Tex. Crim. App. 2010). Thus, the *Jackson* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. All other cases to the contrary . . . are overruled." *Id*. at 912. Accordingly, we apply the *Jackson* standard of review to appellant's sufficiency issues.

[3]Although appellant filed a motion to suppress in the trial court, which the court denied, he does not challenge the validity of the search or warrant on appeal.

3

Finally, Brooke Harrison, a DPS forensic scientist, testified that she weighed at least two of the six rocks from the Denton Police Department and that they weighed approximately 2.24 grams.

Accordingly, we conclude and hold that the evidence is sufficient to support appellant's conviction for possession of a controlled substance of more than one but less than four grams of a controlled substance in a drug-free zone. *See* Tex. Health & Safety Code Ann. §§ 481.115(c), 481.134(c) (Vernon 2010); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).

### Disclosure of Confidential Informant

Appellant filed a pretrial motion seeking the identity of the CI or CIs from which the officers got their information to do the buys. At a hearing on pretrial motions the day of trial, the State argued that appellant was not entitled to the information, but the trial court said it might be relevant to the pending motion. The State also pointed out that appellant had not provided the required affidavits under *Bodin v. State*, 807 S.W.2d 313 (Tex. Crim. App. 1991). The trial court decided to proceed with the hearing on the motion to suppress and consider the issue in the context of that motion.

During the hearing on the motion to suppress, Detective Danny Fletcher testified that part of the information in the search warrant affidavit was based on information received from CIs and part was based on his own investigation. The court denied the motion to suppress.

4

Detective Fletcher then testified in reference to the motion for identity of the CI or CIs. Detective Fletcher testified that some of the information for the search warrant affidavit came from a CI or CIs, but the other information was based on his research of the occupants of 625 Park Lane, surveillance, and discussions with jail inmates about Johnson's dealing at the house. Detective Fletcher confirmed that appellant was not charged with what was bought in the controlled buys but for what the officers found on appellant in the house when they executed the search warrant, which was based, in part, on the information they received from the CIs as to what went on in the controlled buys. Appellant's counsel argued that the CIs' identities were material because she could question them about whether appellant participated in the sale to them or was merely only in possession of the drugs. The State argued that that information was not material because the police found appellant with drugs in his pants pocket. The trial court recessed the hearing until after the jury was seated.

When the hearing resumed, Detective Fletcher testified that he used two CIs to make controlled buys at 625 Park Lane. Detective Fletcher described how he conducted the controlled buy with the first CI, who bought .4 grams of crack cocaine at 625 Park Lane. Although the CI talked to Johnson by phone to set up the buy, the CI told Detective Fletcher that when he got to the house, he asked appellant for the drugs and appellant got them from Johnson's bedroom and handed them to the CI. Detective Fletcher then described the second buy, which

5

was similar to the first except that Detective Fletcher did not say who gave the second CI the drugs. Detective Fletcher also described a third buy by the first CI, which proceeded similarly to the first two.

Detective Fletcher testified that appellant was in the house during each of the buys. Appellant argued that he was entitled to know the identity of the CIs because they could testify whether he participated in the selling of the drugs on the 11th or was merely in possession that day. However, the trial court explained that it would not admit evidence of possession—whether or not with intent to deliver—on the 11th because it would be an extraneous offense. Moreover, the trial court stated that appellant could not submit an issue to the jury on the search warrant. The trial court stated, "[I]f he wasn't there on the 11th delivering, that has nothing to do with his intent on the 12th." The trial court denied the motion, stating that appellant had failed to meet his burden of proof to show that the CIs' identities were material.

Rule 508 of the rules of evidence allows the State to refuse to disclose the identity of a confidential informant, subject to three exceptions: (1) the informant's identity has been voluntarily disclosed; (2) the informant may be able to give testimony necessary to a fair determination of guilt; or (3) a judge is not satisfied that information was obtained from an informant reasonably believed to be reliable. Tex. R. Evid. 508; *Bodin*, 807 S.W.2d at 316–17. We review a trial court's ruling on a rule 508 motion for abuse of discretion. *Sanchez v. State*, 98

6

S.W.3d 349, 356 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). Here, appellant urged the second exception.

To be entitled to an informant's identity under the second exception, the defendant bears the threshold burden of making a plausible showing, based on more than mere conjecture and speculation, that the informant "could give testimony necessary to a fair determination of guilt." *Bodin*, 807 S.W.2d at 318. In *Bodin*, the defendant testified that a man named James had left drugs at his house; if James was the informant, Bodin could then urge an entrapment defense. *Id*. Or the informant could have information regarding the identity of James. *Id*.

Here, appellant did not dispute at the hearing that officers found him with six rocks of cocaine in his pants pocket when they executed the search warrant. Appellant did not raise any potential defenses or affirmative defenses except that the informer may have had information about whether appellant was involved in the delivery of the substances. As the trial court pointed out, even if both CIs testified that appellant was not involved in the delivery or even possession of the drugs on the day of the controlled buys, that did not necessarily mean that he did not possess with the intent to deliver on the 12th. Thus, this case is different from *Bodin*. We conclude and hold that the trial court did not abuse its discretion by refusing to hold an in camera hearing on the identity of the CIs. Moreover, even if the trial court had abused its discretion, there is no harm because the jury

7

convicted appellant of the lesser-included offense of mere possession. Accordingly, we overrule appellant's first issue.

### Evidentiary Rulings

Appellant challenges the admission of State's exhibits 2 through 13 and 21 through 23 because he contends that the State failed to lay a proper predicate for the admission of those exhibits.

Exhibits 2 through 4 and 8 through 13 are photographs Detective Padgett took on September 12, 2008 of the interior of 625 Park Lane and evidence found there. The State introduced the exhibits through Detective Fletcher, who was present at 625 Park Lane the day the Denton police executed the search warrant. He testified that the photographs accurately showed how the rooms and evidence looked to him when he entered the premises, which was about ten minutes after the tactical officers entered and secured the premises. Appellant objected to improper predicate because the photographs did not depict the items as of the time entry was made, so Detective Fletcher had no personal knowledge. Detective Padgett entered the residence along with Detective Fletcher and took the photographs while Detective Fletcher was in the house. To sponsor the admission of photographs, a witness is not required to have personally taken the photographs or witness them being taken to testify about them; he or she must only be able to testify that they are what they are claimed to be, which in this case was the state of the room as the detectives found it after

8

the tactical team secured the home.  *See* Tex. R. Evid. 901(b)(1); *Hughes v. State*, 878 S.W.2d 142, 155 (Tex. Crim. App. 1992), *cert. denied*, 511 U.S. 1152 (1994); *Luckette v. State*, 906 S.W.2d 663, 668 (Tex. App.—Amarillo 1995, pet. ref'd), *cert. denied*, 519 U.S. 840 (1996).  Thus, we conclude and hold that the trial court did not abuse its discretion by admitting exhibits 2 through 4 and 8 through 13.

When the State offered exhibits 5 through 7 and asked for them to be admitted, appellant's counsel stated, "No objection."  Thus, appellant failed to preserve error with respect to the admission of those exhibits.  *See Estrada v. State*, 313 S.W.3d 274, 302 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 905 (2011); *Bracken v. State*, 282 S.W.3d 94, 99 (Tex. App.—Fort Worth 2009, pet. ref'd).  In addition, to the extent appellant is attempting to challenge the admission of exhibit 15, he also failed to preserve error by stating "No objection" when it was admitted.  *See Estrada*, 313 S.W.3d at 302; *Bracken*, 282 S.W.3d at 99.

Exhibits 21 through 23 were three scales that detectives found in the residence.  Detective Padgett testified that although the scales did not have any identifying markings, they were the same ones he collected personally at 625 Park Lane on the day of the search and that he recognized them because either he or Detective Fletcher placed them inside the packaging admitted as State's exhibit 20 and the seal had not been broken.  Detective Padgett was present

9

when all items were placed in exhibit 20 and sealed. Detective Padgett testified that exhibit 20 was in the same sealed condition as when he last saw it. He also testified that he transported exhibit 20 in its sealed condition to the Denton Police Department. Appellant objected as to proper predicate, stating that the officer could not verify the integrity of the items through "identifying markers, chain of custody, all of the above."

The chain of custody is conclusively proven if an officer is able to identify that he or she seized the item of physical evidence, put an identification mark on it, placed it in the property room, and then retrieved the item being offered on the day of trial. *Stoker v. State*, 788 S.W.2d 1, 10 (Tex. Crim. App. 1989), *cert. denied*, 498 U.S. 951 (1990); *Hartsfield v. State*, 200 S.W.3d 813, 818 (Tex. App.—Texarkana 2006, pet. ref'd). However, proof of chain of custody goes to the weight rather than the admissibility of the evidence. *Ennis v. State*, 71 S.W.3d 804, 808 (Tex. App.—Texarkana 2002, no pet.); *Hall v. State*, 13 S.W.3d 115, 120 (Tex. App.—Fort Worth 2002, pet. ref'd), *pet. dism'd, improvidently granted*, 46 S.W.3d 264 (Tex. Crim. App. 2001). Therefore, proof of the beginning and end of the chain will support admission of the evidence if there has been no showing of tampering or alteration. *Stoker*, 788 S.W.2d at 10; *Hall*, 13 S.W.3d at 120.

Here, Detective Padgett testified as to the beginning and ending of the chain. Although the scales did not have any identifying marks, Detective Padgett

10

testified that he and Detective Fletcher collected and bagged scales, which they took to the property room, sealed, and retrieved with the seal unbroken. Accordingly, we conclude and hold that the trial court did not abuse its discretion by admitting exhibits 21 through 23. *See Ennis*, 71 S.W.3d at 808–09. Moreover, even if the trial court had abused its discretion, there was no harm. The scales were pertinent to the possession with intent to deliver offense, and the jury convicted appellant solely of the possession offense. We overrule appellant's second issue.[4]

## Speedy Trial

Appellant was arrested on September 12, 2008, and the trial court appointed counsel five days later. Appellant filed his motion for speedy trial on October 12, 2009, the day trial began, but withdrew it that same day in a hearing before the trial court. When asked about the motion, counsel stated, "I'll withdraw that one because I didn't know if we were going to be in trial or not, based on the earlier discussions of a civil case before us." Accordingly, we conclude and hold that appellant failed to preserve this issue for appellate review. *See* Tex. R. App. P. 33.1(a)(2)(A); *State v. Kelley*, 20 S.W.3d 147, 153 (Tex. App.—Texarkana 2000, no pet.). We overrule appellant's third issue.

---

[4]To the extent appellant attempts to raise matters related to the charge in his second issue, we do not consider them because they are inadequately briefed. *See* Tex. R. App. P. 38.1(i); *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 1053 (2001).

11

## Conclusion

Having overruled appellant's dispositive issues, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

DAUPHINOT, J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 3, 2011