02-09-399-CR













 



 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00399-CR

 

 


 
 
 Henry Griffin
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM THE
367th District Court OF Denton
COUNTY

------------

MEMORANDUM OPINION[1]

----------

          Henry Griffin appeals his conviction
by a jury for possession of one or more but less than four grams of a
controlled substance in a drug-free zone. 
In four issues, appellant challenges the sufficiency of the evidence to
support the conviction, the trial court’s refusal to allow disclosure of the identities
of the confidential informants (CIs), the trial court’s admission of evidence
for which appellant contends the State failed to lay a proper predicate, and
the alleged denial of his right to a speedy trial.  We affirm.

Background

          On September 11, 2008, Detectives
Fletcher, Padgett, and Bolin of the Denton Police Department supervised three
controlled buys at 625 Park Lane, Denton using two CIs.  The detectives executed a search warrant for
the home the next day.  Both appellant
and his son, Javier Johnson, were present. 
When the police searched appellant, they found six rocks of cocaine in
his pocket.  A grand jury indicted
appellant for possession of a controlled substance with the intent to deliver
in a drug-free zone.  After trial,
however, a jury found him guilty only of the lesser-included offense of
possession of a controlled substance in a drug-free zone.

Sufficiency of the Evidence

In
his fourth issue, Appellant challenges the sufficiency of the evidence to
support the conviction.  In our
due-process review of the sufficiency of the evidence to support a conviction,
we view all of the evidence in the light most favorable to the prosecution to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007).[2]

Appellant
never explains why he contends that the evidence is insufficient; for instance,
he does not argue that there is insufficient evidence of the weight of the
drugs or that he possessed them in a drug-free zone.

The evidence shows, and appellant
does not dispute, that when police executed a search warrant[3]
at 625 Park Lane, they found appellant with six rocks of cocaine in a
glass vial wrapped in a towel and placed in his pocket.  Detective Fletcher testified that, based on a
map maintained by the Denton Police Department, 625 Park Lane is located within
1000 feet of Fred Moore High School. Detective Bolin testified that the
southernmost boundary of the high school property was two blocks away from Park
Lane and that the house was located within the 1000-foot perimeter.  Linda Hollingshad
with Denton County Geographic Information Services testified that she created a
map admitted as State’s exhibit 14, which depicts the 1000-foot radius around
Fred Moore High School and which shows 625 Park Lane as being within the
1000-foot perimeter.  Finally, Brooke
Harrison, a DPS forensic scientist, testified that she weighed at least two of
the six rocks from the Denton Police Department and that they weighed
approximately 2.24 grams.

Accordingly, we conclude
and hold that the evidence is sufficient to support appellant’s conviction for
possession of a controlled substance of more than one but less than four grams
of a controlled substance in a drug-free zone. 
See Tex. Health & Safety
Code Ann. §§ 481.115(c), 481.134(c) (Vernon 2010); Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).

Disclosure of Confidential Informant

          Appellant filed a pretrial motion
seeking the identity of the CI or CIs from which the officers got their
information to do the buys.  At a hearing
on pretrial motions the day of trial, the State argued that appellant was not
entitled to the information, but the trial court said it might be relevant to
the pending motion.  The State also
pointed out that appellant had not provided the required affidavits under Bodin v. State, 807 S.W.2d 313 (Tex.
Crim. App. 1991).  The trial court
decided to proceed with the hearing on the motion to suppress and consider the
issue in the context of that motion.

          During the hearing on the motion to
suppress, Detective Danny Fletcher testified that part of the information in
the search warrant affidavit was based on information received from CIs and
part was based on his own investigation. 
The court denied the motion to suppress.

          Detective Fletcher then testified in
reference to the motion for identity of the CI or CIs.  Detective Fletcher testified that some of the
information for the search warrant affidavit came from a CI or CIs, but the
other information was based on his research of the occupants of 625 Park Lane,
surveillance, and discussions with jail inmates about Johnson’s dealing at the
house.  Detective Fletcher confirmed that
appellant was not charged with what was bought in the controlled buys but for
what the officers found on appellant in the house when they executed the search
warrant, which was based, in part, on the information they received from the
CIs as to what went on in the controlled buys.  Appellant’s counsel argued that the CIs’
identities were material because she could question them about whether
appellant participated in the sale to them or was merely only in possession of
the drugs.  The State argued that that
information was not material because the police found appellant with drugs in
his pants pocket.  The trial court
recessed the hearing until after the jury was seated.

          When the hearing resumed, Detective
Fletcher testified that he used two CIs to make controlled buys at 625 Park
Lane.  Detective Fletcher described how
he conducted the controlled buy with the first CI, who bought .4 grams of crack
cocaine at 625 Park Lane.  Although the
CI talked to Johnson by phone to set up the buy, the CI told Detective Fletcher
that when he got to the house, he asked appellant for the drugs and appellant
got them from Johnson’s bedroom and handed them to the CI.  Detective Fletcher then described the second
buy, which was similar to the first except that Detective Fletcher did not say
who gave the second CI the drugs. 
Detective Fletcher also described a third buy by the first CI, which
proceeded similarly to the first two.

          Detective Fletcher testified that appellant
was in the house during each of the buys. 
Appellant argued that he was entitled to know the identity of the CIs
because they could testify whether he participated in the selling of the drugs
on the 11th or was merely in possession that day.  However, the trial court explained that it
would not admit evidence of possession––whether or not with intent to deliver––on
the 11th because it would be an extraneous offense.  Moreover, the trial court stated that
appellant could not submit an issue to the jury on the search warrant.  The trial court stated, “[I]f he wasn't there
on the 11th delivering, that has nothing to do with his intent on the
12th.”  The trial court denied the
motion, stating that appellant had failed to meet his burden of proof to show
that the CIs’ identities were material.

          Rule 508 of the rules of evidence
allows the State to refuse to disclose the identity of a confidential
informant, subject to three exceptions: 
(1) the informant’s identity has been voluntarily disclosed; (2) the informant
may be able to give testimony necessary to a fair determination of guilt; or
(3) a judge is not satisfied that information was obtained from an informant
reasonably believed to be reliable.  Tex. R. Evid. 508; Bodin, 807 S.W.2d at 316–17. 
We review a trial court’s ruling on a rule 508 motion for abuse of
discretion.  Sanchez v. State, 98 S.W.3d 349, 356 (Tex. App.––Houston [1st
Dist.] 2003, pet. ref’d).  Here,
appellant urged the second exception.

          To be entitled to an informant’s
identity under the second exception, the defendant bears the threshold burden
of making a plausible showing, based on more than mere conjecture and
speculation, that the informant “could give testimony necessary to a fair
determination of guilt.” Bodin,
807 S.W.2d at 318.  In Bodin, the defendant testified that a
man named James had left drugs at his house; if James was the informant, Bodin
could then urge an entrapment defense.  Id. 
Or the informant could have information regarding the identity of
James.  Id.

          Here, appellant did not dispute at the
hearing that officers found him with six rocks of cocaine in his pants pocket
when they executed the search warrant. 
Appellant did not raise any potential defenses or affirmative defenses
except that the informer may have had information about whether appellant was
involved in the delivery of the substances. 
As the trial court pointed out, even if both CIs testified that
appellant was not involved in the delivery or even possession of the drugs on
the day of the controlled buys, that did not necessarily mean that he did not
possess with the intent to deliver on the 12th. 
Thus, this case is different from Bodin.  We conclude and hold that the trial court did
not abuse its discretion by refusing to hold an in camera hearing on the
identity of the CIs.  Moreover, even if
the trial court had abused its discretion, there is no harm because the jury
convicted appellant of the lesser-included offense of mere possession.  Accordingly, we overrule appellant’s first
issue.

Evidentiary Rulings

          Appellant challenges the admission of
State’s exhibits 2 through 13 and 21 through 23 because he contends that the
State failed to lay a proper predicate for the admission of those exhibits.

          Exhibits 2 through 4 and 8 through 13
are photographs Detective Padgett took on September 12, 2008 of the interior of
625 Park Lane and evidence found there. The State introduced the exhibits
through Detective Fletcher, who was present at 625 Park Lane the day the Denton
police executed the search warrant.  He
testified that the photographs accurately showed how the rooms and evidence
looked to him when he entered the premises, which was about ten minutes after
the tactical officers entered and secured the premises.  Appellant objected to improper predicate
because the photographs did not depict the items as of the time entry was made,
so Detective Fletcher had no personal knowledge. Detective Padgett entered the
residence along with Detective Fletcher and took the photographs while
Detective Fletcher was in the house.  To
sponsor the admission of photographs, a witness is not required to have
personally taken the photographs or witness them being taken to testify about
them; he or she must only be able to testify that they are what they are
claimed to be, which in this case was the state of the room as the detectives
found it after the tactical team secured the home.  See Tex.
R. Evid. 901(b)(1); Hughes v. State, 878 S.W.2d 142, 155 (Tex. Crim. App. 1992), cert. denied, 511 U.S. 1152 (1994); Luckette v. State, 906 S.W.2d 663, 668 (Tex.
App.––Amarillo 1995, pet. ref’d), cert. denied, 519 U.S. 840 (1996).  Thus, we conclude and hold that the trial
court did not abuse its discretion by admitting exhibits 2 through 4 and 8
through 13.

          When the State offered exhibits 5
through 7 and asked for them to be admitted, appellant’s counsel stated, “No objection.”  Thus,
appellant failed to preserve error with respect to the admission of those
exhibits.  See Estrada v. State, 313 S.W.3d 274, 302 (Tex. Crim. App. 2010), cert. denied, 131 S. Ct. 905 (2011); Bracken v. State, 282 S.W.3d 94, 99
(Tex. App.––Fort Worth 2009, pet. ref’d). 
In addition, to the extent appellant is attempting to challenge the
admission of exhibit 15, he also failed to preserve error by stating “No
objection” when it was admitted.  See Estrada, 313
S.W.3d at 302; Bracken, 282
S.W.3d at 99.

          Exhibits 21 through 23 were three
scales that detectives found in the residence. 
Detective Padgett testified that although the scales did not have any
identifying markings, they were the same ones he collected personally at 625
Park Lane on the day of the search and that he recognized them because either
he or Detective Fletcher placed them inside the packaging admitted as State’s
exhibit 20 and the seal had not been broken. 
Detective Padgett was present when all items were placed in exhibit 20
and sealed.  Detective Padgett testified
that exhibit 20 was in the same sealed condition as when he last saw it.  He also testified that he transported exhibit
20 in its sealed condition to the Denton Police Department.  Appellant objected as to proper predicate, stating
that the officer could not verify the integrity of the items through
“identifying markers, chain of custody, all of the above.”

The
chain of custody is conclusively proven if an officer is able to identify that
he or she seized the item of physical evidence, put an identification mark on
it, placed it in the property room, and then retrieved the item being offered
on the day of trial.  Stoker v. State, 788 S.W.2d 1, 10 (Tex.
Crim. App. 1989), cert. denied, 498
U.S. 951 (1990); Hartsfield v. State,
200 S.W.3d 813, 818 (Tex. App.––Texarkana 2006, pet. ref’d).  However, proof of chain of custody goes to
the weight rather than the admissibility of the evidence.  Ennis v.
State, 71 S.W.3d 804, 808 (Tex. App.––­­Texarkana
2002, no pet.); Hall v. State, 13
S.W.3d 115, 120 (Tex. App.––Fort Worth 2002, pet. ref’d), pet. dism’d, improvidently granted, 46
S.W.3d 264 (Tex. Crim. App. 2001).  Therefore,
proof of the beginning and end of the chain will support admission of the
evidence if there has been no showing of tampering or alteration.  Stoker,
788 S.W.2d at 10; Hall,
13 S.W.3d at 120.

 Here, Detective Padgett testified as to the
beginning and ending of the chain. 
Although the scales did not have any identifying marks, Detective
Padgett testified that he and Detective Fletcher collected and bagged scales,
which they took to the property room, sealed, and retrieved with the seal
unbroken.  Accordingly, we conclude and
hold that the trial court did not abuse its discretion by admitting exhibits 21
through 23.  See Ennis, 71 S.W.3d at 808–09.  Moreover, even if the trial court had abused
its discretion, there was no harm.  The
scales were pertinent to the possession with intent to deliver offense, and the
jury convicted appellant solely of the possession offense.  We overrule appellant’s second issue.[4]

Speedy Trial

          Appellant was arrested on September
12, 2008, and the trial court appointed counsel five days later.  Appellant filed his motion for speedy trial
on October 12, 2009, the day trial began, but withdrew
it that same day in a hearing before the trial court.  When asked about the motion, counsel stated,
“I'll withdraw that one because I didn't know if we were going to be in trial
or not, based on the earlier discussions of a civil case before us.”  Accordingly, we conclude and hold that
appellant failed to preserve this issue for appellate review.  See
Tex. R. App. P. 33.1(a)(2)(A); State v. Kelley, 20 S.W.3d 147, 153 (Tex. App.––Texarkana 2000, no
pet.).  We overrule appellant’s third
issue.

Conclusion

 

          Having overruled appellant’s
dispositive issues, we affirm the trial court’s judgment.

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

 

PANEL: 
LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

 

DAUPHINOT, J.
concurs without opinion.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

                                                              

DELIVERED:  March 3, 2011











[1]See Tex. R. App. P. 47.4.





[2]Appellant
challenges both legal and factual sufficiency in his fourth and fifth
issues.  But after appellant filed his
brief, the court of criminal appeals overruled cases that allowed a factual
sufficiency review and held that there is “no meaningful distinction between
the . . . legal-sufficiency standard and the . . . factual-sufficiency
standard.”  Brooks v. State, 323 S.W.3d 893, 901 (Tex. Crim. App. 2010).
 Thus, the Jackson standard is the “only standard that a reviewing court
should apply in determining whether the evidence is sufficient to support each
element of a criminal offense that the State is required to prove beyond a
reasonable doubt.  All other cases to the
contrary . . . are overruled.”  Id. at 912.  Accordingly, we apply the Jackson standard of review to appellant’s sufficiency issues.

 





[3]Although appellant
filed a motion to suppress in the trial court, which the court denied, he does
not challenge the validity of the search or warrant on appeal.

 





[4]To the extent
appellant attempts to raise matters related to the charge in his second issue,
we do not consider them because they are inadequately briefed.  See
Tex. R. App. P. 38.1(i); Tong v. State,
25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert.
denied, 532 U.S. 1053 (2001).