FILED IN
COURT OF CRIMINAL APPEALS

February 13, 2015

ABEL ACOSTA, CLERK

PD-1277-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/12/2015 5:53:18 PM
Accepted 2/13/2015 8:25:01 AM
ABEL ACOSTA
CLERK

# NO. PD-1277-14

## IN THE
## COURT OF CRIMINAL APPEALS
## OF TEXAS

---

### EX PARTE: JUAN CARLOS REYES

---

### THE STATE'S BRIEF ON APPELLEE'S
### PETITION FOR DISCRETIONARY REVIEW

---

**FROM THE COURT OF APPEALS, EIGHTH DISTRICT OF TEXAS**
**CAUSE NUMBER 08-12-00261-CR,**
**TRIAL COURT CAUSE NUMBER 20050C17647-CC7-1,**
**COUNTY COURT AT LAW NO. SEVEN OF EL PASO COUNTY, TEXAS**

---

**JAIME ESPARZA**
**DISTRICT ATTORNEY**
**34th JUDICIAL DISTRICT**

**LILY STROUD**
**ASST. DISTRICT ATTORNEY**
**DISTRICT ATTORNEY'S OFFICE**
**203 EL PASO COUNTY COURTHOUSE**
**500 E. SAN ANTONIO**
**EL PASO, TEXAS 79901**
**(915) 546-2059 ext. 3769**
**FAX (915) 533-5520**
**EMAIL lstroud@epcounty.com**
**SBN 24046929**

**ATTORNEYS FOR THE STATE**

**The State does not request oral argument.**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES                                      iv-v

STATEMENT OF THE CASE                                     vi-viii

STATEMENT OF FACTS                                        1-10

SUMMARY OF THE STATE'S ARGUMENTS                          11-12

**STATE'S REPLY TO APPELLEE'S ISSUES PRESENTED:**         13-36

   **REPLY TO ISSUES ONE AND THREE:** The sole basis for the trial
court's grant of writ relief was its conclusion that Reyes's trial counsel
rendered ineffective assistance of counsel by failing to properly advise him of
the immigration consequences of his guilty plea as required by *Padilla v.
Kentucky.* Additionally, the trial court's statements and actions indicate that
it rejected and impliedly denied Reyes's other non-*Padilla* writ grounds.
Consequently, the Eighth Court did not err in considering Reyes's other
grounds to have been rejected or impliedly denied by the trial court.
Moreover, none of the trial court's findings and conclusions showed that the
trial court intended to grant relief on Reyes's other non-*Padilla* writ grounds.
And findings and conclusions on those other writ grounds was not essential or
potentially dispositive to the issue the State appealed to the Eighth Court.
Therefore, the Eighth Court did not err to any extent that it did not remand
the case for findings and conclusions on Reyes's other writ grounds.      13-33

   **REPLY TO ISSUE TWO:** The Eighth Court did not err in determining
that the sole basis for the grant of any writ relief by the trial court was
Reyes's *Padilla* claim and that the trial court impliedly denied the rest of
Reyes's writ grounds. And in so determining, the Eighth Court did not
deprive Reyes of the opportunity to obtain appellate review of the trial
court's decision not to grant relief on his other non-*Padilla* writ grounds, as
article 11.072, section 8 of the Code of Criminal Procedure allows a writ
applicant to appeal a partial denial of his writ application.      34-36

PRAYER                                                   37

SIGNATURES                                          37-38

CERTIFICATE OF COMPLIANCE                             37

CERTIFICATE OF SERVICE                                38

iii

# INDEX OF AUTHORITIES

**FEDERAL CASES**

*Chaidez v. United States*, ---U.S.---, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013). . . . 19

*Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).. . . . . 23

*Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). . . . 23

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

**STATE CASES**

*Cannon v. State*, 252 S.W.3d 342 (Tex.Crim.App. 2008).. . . . . . . . . . . . . . . . . . 25

*Ex parte Chavez*, 371 S.W.3d 200 (Tex.Crim.App. 2012). . . . . . . . . . . . . . 17, 26

*State v. Cullen*, 195 S.W.3d 696 (Tex.Crim.App. 2006).. . . . . . . . . . . . . . . . . . . 28

*Ex parte De Los Reyes*, 392 S.W.3d 675 (Tex.Crim.App. 2013). . . . . . . . . . . . . 19

*State v. Elias*, 339 S.W.3d 667 (Tex.Crim.App. 2011). . . . . . . . . . . . . . . . . . 28-29

*Gottson v. State*, 940 S.W.2d 181 (Tex.App.–San Antonio 1996, pet. ref'd). . . . . 26

*Johnson v. State*, 414 S.W.3d 184 (Tex.Crim.App. 2013). . . . . . . . . . . . . . . . . . 32

*State v. Kelley*, 20 S.W.3d 147 (Tex.App.–Texarkana 2000,
no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16, 20, 35

*State v. Mazuca*, 375 S.W.3d 294 (Tex.Crim.App. 2012).. . . . . . . . . . . . . . . 29, 32

*McDonald v. State*, No. 08-08-00103-CR, 2010 WL 3910424
(Tex.App.–El Paso, Sept. 30, 2011, pet. ref'd)
(not designated for publication).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25-26

*State v. Mendoza*, 365 S.W.3d 666 (Tex.Crim.App. 2012).. . . . . . . . . . . . . . . . . 29

*Miller v. State*, 83 S.W.3d 308 (Tex.App.–Austin 2002, pet. ref'd). . . . 15-16, 20, 35

*Montanez v. State*, 195 S.W.3d 101 (Tex.Crim.App. 2006). . . . . . . . . . 15-16, 20, 35

*Murphy v. State*, 112 S.W.3d 592 (Tex.Crim.App. 2003).. . . . . . . . . . . . . . . . . 25

*Rey v. State*, 897 S.W.2d 333 (Tex.Crim.App. 1995). . . . . . . . . . . . . . 15-16, 20, 35

*Ex parte Reyes*, No. 08-12-00261-CR, 2014 WL 2993789 (Tex.App.–El Paso, June 30, 2014, pet. granted) (not designated for publication).. . . . . . . . . 16, 22, 35

*Rylander v. State*, 101 S.W.3d 107 (Tex.Crim.App. 2003).. . . . . . . . . . . . . . . . 25

## **STATUTES**

TEX. CRIM. PROC. CODE art. 11.072 § 8. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30, 35

## **RULES**

TEX. R. APP. P. 44.4(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

## STATEMENT OF THE CASE

On March 30, 2006, Juan Carlos Reyes, appellee, pled guilty to the misdemeanor offense of family-violence assault, and the trial court assessed punishment at 365 days' confinement, probated for 12 months, and a fine of $1,000.00, of which $500.00 was probated. *See Ex parte Reyes*, No. 08-12-00261-CR, 2014 WL 2993789 at *1 (Tex.App.–El Paso, June 30, 2014, pet. granted) (not designated for publication); *see also* (CR at 15-18).[1] On March 2, 2012, Reyes filed an application for writ of habeas corpus under article 11.072 of the Code of Criminal Procedure. (CR at 24-50). After hearing evidence and argument at two writ hearings, (RR2 at 5-91); (RR3 at 12-35), the trial court, on August 6, 2012,

---

[1] Throughout this brief, references to the record will be made as follows: references to the clerk's record will be made as "CR" and page number, references to the supplemental clerk's record will be made as "SCR" and page number, references to the reporters's record will be made as "RR" and volume and page number, and references to exhibits will be made as either "SX" or "DX" and exhibit number.

With respect to the clerk's record, the State has learned that the El Paso County Clerk's Office, for some unknown reason, prepared and certified two different versions of the clerk's record that have been paginated differently. When the State prepared its original brief on direct appeal, the County Clerk's Office provided the State with only a version of the clerk's record that was prepared and certified by the El Paso County Clerk on August 15, 2012. However, when the State requested the clerk's record in preparing its reply brief to Reyes's PDR brief, the County Clerk's Office presented the State with both the August 15, 2012, version of the clerk's record and another version that was prepared and certified by the El Paso County Clerk on October 15, 2012. The Clerk's Office has advised the undersigned that the October 15, 2012, version is the one that was filed with the Eighth Court. However, the case history with the Eighth Court reflects that only one clerk's record was filed on August 15, 2012. Therefore, the State will rely on the same version of the clerk's record (August 15, 2012) it relied on for the direct appeal.

signed a written order granting Reyes writ relief, and as part of that written order, issued findings of fact and conclusions of law. (CR at 130-32).[2]

In its first issue on direct appeal before the Eighth Court, the State argued that the trial court abused its discretion in granting writ relief based on a retroactive application of *Padilla v. Kentucky*.[3] *See Ex parte Reyes*, 2014 WL 2993789 at *2. In its second and third issues, the State argued that, absent findings by the trial court that Reyes presented sufficient credible evidence satisfying both the deficient-performance and prejudice prongs of the *Strickland v. Washington*[4] test for ineffective assistance of counsel and demonstrating that a decision to reject the plea bargain would have been rational under the circumstances, the trial court abused its discretion in concluding that Reyes met his burden of proving that trial counsel was ineffective for failing to properly advise him of the immigration consequences of his guilty plea. On April 29, 2013, in response to an order by the Eighth Court granting the State's motion to abate for supplemental findings of fact and conclusions of law, the trial court issued said supplemental findings and conclusions. (SCR at 8-9).

---

[2] On August 7, 2012, the trial court entered another written order granting Reyes relief and vacating his conviction. (CR at 129).

[3] *See Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).

[4] *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Ultimately, the Eighth Court sustained the State's first issue, did not reach the State's second and third issues, reversed the trial court's order granting writ relief, and reinstated Reyes's conviction. *See Ex parte Reyes*, 2014 WL 2993789 at *5. Specifically, the Eighth Court held that the trial court clearly granted writ relief only on Reyes's *Padilla* claim and thus abused its discretion in granting writ relief based on a retroactive application of *Padilla*. *See id*. at *4-5.

This Court granted Reyes's PDR on three grounds: (1) "By ruling that Reyes' conviction should be reinstated because the supplemental findings of fact and conclusions of law the trial court provided failed to identify or rely on any theory of law to support Reyes' non-*Padilla* claims, the court of appeals has decided an important question of state law which conflicts with an applicable decision of this Court," (2) "By ruling that an article 11.072 writ applicant is not entitled to a ruling by the trial court on his potentially dispositive actual innocence and ineffective assistance claims, the court of appeals has decided this case in a way which conflicts with applicable decisions by the United States Supreme Court," and (3) "By giving binding effect to the trial court's failure to supplement its non-*Padilla* findings of fact and conclusions of law, the court of appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of this Court's power of supervision."

# STATEMENT OF FACTS

The El Paso Police Department supplemental offense report, which was attached to the State's writ answer, indicated that on September 6, 2005, Officers A. Gonzalez and M. Cervantes were dispatched to the residence of Hector Garcia, Reyes's cousin, regarding a domestic disturbance between Reyes and Hilda Maldonado, Reyes's common-law wife at the time and the mother of their three children. (CR at 96-97). According to the offense report, Maldonado related to the police that she went to Garcia's residence where her children had been visiting Reyes, that their discussion regarding their marital problems and recent separation escalated into an argument, that Reyes began screaming at and pushing her and slapped her on the left side of her face with an open hand, and that he then fled the residence. (CR at 96).

The offense report also indicated that Garcia told police that he had seen both Reyes and Maldonado pushing each other in the kitchen, but that "...he did not want to interfere with their relationship problems." (CR at 96). The report further indicated that the officers observed redness and minor swelling on Maldonado's left cheek, which they photographed. (CR at 96-97).

Reyes was subsequently charged for committing family-violence assault by intentionally, knowingly, and recklessly causing bodily injury to Maldonado by

1

pushing her about the body with his hand or, in the alternative, by striking her about the head with his hand. (CR at 2-5). On March 30, 2006, Reyes pleaded guilty to the charged offense. (CR at 15-18).

On March 2, 2012, Reyes filed an application for writ of habeas corpus under article 11.072 of the Code of Criminal Procedure, alleging that his guilty plea was involuntary because trial counsel, Wendy Ferrell, rendered ineffective assistance of counsel by failing to properly advise him of the immigration consequences of his guilty plea, by failing to adequately investigate his case in order to advance the theory of self-defense, and by failing to advise him regarding the law of self-defense. (CR at 22-41). Reyes also raised a claim of actual innocence. (CR at 41).[5]

In the State's written response to Reyes's writ application, the State argued that with respect to Reyes's *Padilla* claim, *Padilla* did not retroactively apply to his case, (CR at 60-62), that he failed his burden of proving that trial counsel

---

[5] In his statement of facts in his PDR brief, Reyes makes numerous assertions of "fact," such as trial counsel's alleged numerous failings and the complainant's alleged motivation for provoking Reyes to assault her, that were not established as proven facts. *See* (Appellee's PDR brief at 3-5, 7). Rather, these "facts" are merely a restatement of Reyes's writ allegations, which the trial court did not purport to adopt as credible. (CR at 130-32); (SCR at 8-9). The only aspect of Reyes's allegations the trial court expressly found to be credible was that he was not sufficiently admonished of the immigration consequences of his guilty plea. (SCR at 8 – "The Court makes the finding that Juan Carlos Reyes was not advised that a guilty plea would subject him to deportation. This Finding is based upon the affidavit which the Court finds to be completely credible *on this issue*.") (emphasis added).

2

rendered deficient performance, (CR at 62-64), and that he failed his burden of proving that he was prejudiced by any alleged deficient performance by trial counsel. (CR at 64-69). Specifically, the State argued that Reyes failed to overcome the strong presumption of effective assistance recognized by *Padilla* by failing to corroborate his unsubstantiated allegations with affidavits or testimony from trial counsel. (CR at 62-64). The State also argued that Reyes failed his burden of proving that he was prejudiced by any alleged deficient performance because any assertion that he would have pled not guilty and insisted on going to trial was not credible and because he failed to show that a decision to reject the plea bargain would have been rational under the circumstances. (CR at 64-69).

Additionally, the State argued that Reyes failed to meet his burden of proving ineffective assistance with respect to his claims that trial counsel failed to adequately investigate his case in order to advance a theory of self-defense and failed to advise him on the law of self-defense because Reyes failed to present credible proof and because his proffered evidence did not support the theory of self-defense. (CR at 70-76, 78-80). The State argued that, consequently, Reyes failed to meet his burden of proving that his guilty plea was involuntary. (CR at 81). The State further argued that Reyes failed his burden of proving actual

innocence because none of his proffered evidence was newly discovered or unquestionably established his innocence. (CR at 82-84).

At the writ hearings, Reyes presented the testimony of several character witnesses. (RR2 at 6-7, 11-12, 15-16, 20-22, 28-39, 77-78). Additionally, Garcia, Reyes's cousin at whose house the assault had occurred, testified that when Maldonado came to his house on the day of the offense, she appeared upset and that "it was obvious that she came into the house to start a fight." (RR2 at 41-44); *see also* (CR at 45-46). Garcia testified that he remained in the living room while Reyes and Maldonado began arguing in the kitchen. (RR2 at 43). Garcia testified that it was apparent to him that Maldonado was "trying to provoke [Reyes] to do something" because she kept yelling, "Hit me." (RR2 at 44).

Garcia testified that he could not see what was happening in the kitchen, such that he did not know whether Reyes struck Maldonado, but he concurred with Reyes's writ counsel that Maldonado had been the aggressor. (RR2 at 45-48). Garcia testified that he ultimately intervened and offered Reyes the use of his vehicle so that he could leave the house and that Reyes then left the house in his vehicle. (RR2 at 46-47). Garcia described Maldonado as being upset, while Reyes had remained calm. (RR2 at 47). On cross-examination, Garcia

acknowledged that he did not relate any of this information to the police at the time of the offense. (RR2 at 50-53).

A.R., one of Reyes's sons, testified at the evidentiary hearing that he had observed the argument between Reyes and Maldonado, that Maldonado "told [Reyes] to hit her," and that Maldonado slapped and scratched Reyes. (RR2 at 56-58, 60). A.R. denied seeing Reyes punch or slap Maldonado and agreed with Reyes's writ counsel that Reyes "maybe touch[ed] her to move her to get by." (RR2 at 59-61, 64-66). One of Reyes's other sons, J.C.R., testified at the evidentiary hearing that he did not have a good recollection of what had occurred during the argument, (RR2 at 68, 71-72), but that he recalled staying in the living room while his parents argued in the kitchen, such that he did not see whether Reyes hit Maldonado. (RR2 at 67-68, 70-73).

The record reflects that during arguments at the final writ hearing, the trial court's primary, if not exclusive, concern was Reyes's *Padilla* claim, specifically, the trial court questioned the State as to why Reyes would not be entitled to relief on his *Padilla* claim based on his attestation that he was not properly advised of the immigration consequences, (RR3 at 23-24), and the trial court opined that Reyes's possible separation from his children would be a "...pretty strong motive to take your chances and go to trial and not want to plead guilty." (RR3 at 26).

5

Additionally, when the State argued that Reyes was still required to show that a decision to reject the plea bargain to avoid adverse immigration consequences would have been rational under the circumstances, the trial court disagreed with the State's assertion that Reyes failed to articulate a viable defense, observing that self-defense "...sort of seems liked a plausible defense." (RR3 at 27-29).

When Reyes's writ counsel broached the subject of Reyes's actual-innocence claim at the final writ hearing, the following exchange occurred:

[Court]: Well, I don't think I'm going to adopt, lock, stock, and barrel, either side's findings of fact.
I think what I'm going to do is look at what you say and they say and use those as guides and probably create my own. (RR3 at 34).

\* \* \*

[Court]: I don't think I can, based on that finding, make an actual innocence finding.
[Defense]: Okay.
[Court]: My understanding of actual innocence – again, not having thoroughly researched it, you need rock-solid proof, like clear DNA evidence that shows it was not this guy; it was somebody else.
[Defense]: It's got to be clear and convincing.
[Court]: I mean, the State still has the opportunity to bring in the arresting officer or bring in the victim or bring in anybody else. And I'm not prepared to say, at this point, that I can make an absolute – there is no issue of actual innocence finding. I don't think I can. (RR3 at 34-35).

The trial court's initial findings of fact stated, in relevant part, that:

9.     The testimony of Mr. Garcia and the children (who admittedly did not see everything and who naturally have a motive to support the

6

Defendant) support a finding that Ms. Maldonado was the aggressor and that the Defendant merely placed his hands on her to try and get past her to leave.

* * *

12. The Defendant now claims that his trial counsel did not advise him of immigration consequences and did not advise him that his plea would subject him to removal from the United States....

* * *

14. Neither the Defendant nor the State called the Defendant's trial counsel to testify. No affidavit from her was presented. No transcript of anything stated at the time of the guilty plea was submitted.... (CR at 131).

The trial court's initial conclusions of law stated, in relevant part, that:

1. The Supreme Court decision of <u>Padilla v. Kentucky</u>, 130 S. Ct. 1473 (2010) eliminates all ambiguity and holds that a Defendant must be given a full and complete explanation of immigration consequences in order for a plea to be voluntarily entered.

2. Texas Courts apply <u>Padilla</u> retroactively. <u>Ex parte De Los Reyes</u>, 350 S.W. 3rd 723 (Tx. App.-El Paso 2011; <u>Ex parte Tanklevskaya</u> 361 S.W. 3rd 86 (Tx. App.-Houston 2011); <u>Aguilar v. State</u>, ___ S.W. 3rd ___, (Tx. App. 14th District) (July 10, 2012.)

3. Merely stating that a guilty plea "may" have immigration consequences does not meet the <u>Padilla</u> requirements. Unless the law is ambiguous, a Defendant must be definitely advised of deportation or removal consequences. <u>Aguilar v. State, supra</u>.

4. The only evidence before the Court concerning the admonition of potential immigration consequences is the boiler plate sentence in the plea papers, and the Defendant's written sworn testimony.

5. Under <u>Padilla</u>, as now applied retroactively, the Defendant was not sufficiently admonished about immigration consequences.

6. The Defendant was prejudiced because he would not have plead [sic] guilty had he known of the deportation/removal consequences, and because he has plausible defenses to the underlying charge which, if believed by a jury, could result in an acquittal. (CR at 131-32).

7

On January 30, 2013, the State moved to abate the direct appeal and to remand the case to the trial court for supplemental findings of fact and conclusions of law. *See* (State's Motion to Abate Appeal). Specifically, the State, pointing out that the trial court's findings constituted nothing more than a restatement of Reyes's writ claims or a recitation of the evidence that was or was not presented at the writ hearing, asserted that the findings were inadequate because there were virtually no findings with respect to how trial counsel rendered deficient performance. *See id*. at 4-5. The State pointed out that while the trial court found that Reyes was not "sufficiently admonished," it failed to resolve any disputed fact issues regarding whether *trial counsel* rendered deficient performance by failing to properly advise Reyes of the immigration consequences of his guilty plea. *See id*. at 5.

The State further asserted that the trial court's findings were inadequate with respect to the prejudice prong of the *Strickland* standard because the court failed to make necessary credibility findings and failed to make findings as to whether a decision to reject the plea bargain would have been objectively rational under the circumstances. *See id*. at 6-7.

On February 14, 2013, the same day the State filed its direct-appeal brief, the Eighth Court granted the State's motion to abate the appeal and issued the

following directive to the trial court: "The appeal is ABATED and the Honorable Thomas A. Spieczny, Judge for the County Court at Law No. 7, is directed to enter the missing findings of fact and conclusions of law." (SCR at 4).

The trial court's supplemental findings of fact stated, in relevant part, that:

1.    The Court makes the finding that Juan Carlos Reyes was not advised that a guilty plea would subject him to deportation. This Finding is based upon the affidavit which the Court finds to be completely credible on this issue. It is also based on timing of events set out in the original Finding of Fact #11.[6] Therefore, the Court finds that neither defense counsel, nor the assistant District Attorney, nor the Judge who heard the plea properly admonished the Defendant about deportation.

2.    The Court further finds that the Defendant would absolutely positively NOT have pled guilty if he had been advised that doing so would lead to deportation. This finding is based upon the fact that nobody other than an appellate lawyer straining to concoct an argument could conceivably choose deportation and permanent banishment from the United States rather than face the risk of a misdemeanor prosecution. (See Supplemental Finding #3).

3.    The Court rejects as utterly groundless the State's argument that rejecting the plea bargain and proceeding to trial would not have been objectively rational under the circumstances.... This data[7] (which presumably has always been available to the State) totally undermines

---

[6] The trial court's original finding of fact #11 reads as follows: "The criminal charge against the Defendant was resolved quickly. He met his court appointed lawyer at his arraignment/pretrial on February 14, 2006. He had a second meeting on March 26, 2006. (Juan Carlos Reyes affidavit ¶2-4). It appears from the Court's file that the Plea recommendation which formed the basis of the plea was also prepared on March 30, 2006." (CR at 131).

[7] The "data" to which the trial court referred was statistical data, of which the trial court took judicial notice, from the Office of Court Administration regarding the dispositions of family-violence assault cases in 2005. (SCR at 8-9). It should be noted that this data was obtained outside the record of the habeas proceedings.

the claim that Juan Carlos Reyes had to take the plea to avoid the harsh consequences of proceeding further through the judicial process.

4.    Having already determined that no rational person would voluntarily choose deportation over the "risks" of pleading not guilty, it is almost unnecessary to point out that certainly, a father of United States citizen children would be even less inclined to do so. The two children who testified were attractive, smart, polite, and well-behaved. It is TOTALLY INCONCEIVABLE that a parent would voluntarily choose to be permanently separated from them rather than face the "risks" of misdemeanor prosecution. (SCR at 8-9) (capitalization in original).

The trial court issued one supplemental conclusion of law: "The Court's original Conclusion of Law #2 concerning the retroactive applicability of Padilla v. Kentucky must now be reconsidered in light of an intervening Supreme Court ruling. In Chaidez v. U.S., 113 S. Ct. 1103 (2013), the Court held that Padilla did not apply retroactively in a federal felony conviction case." (SCR at 9).

10

**SUMMARY OF THE STATE'S ARGUMENTS**

**Summary of the State's reply to Reyes's first and third issues:** The record reflects that the trial court based its decision to grant writ relief solely on its legal conclusion that Reyes was denied effective assistance of counsel with respect to his *Padilla* claim. The trial court's actions and statements indicate that it rejected and impliedly denied Reyes's other non-*Padilla* writ grounds. Consequently, the Eighth Court did not err in considering the trial court's decision not to grant relief on Reyes's other writ grounds as an indication that the trial court rejected and impliedly denied those grounds. Additionally, none of the trial court's findings and conclusions signaled an intent to grant relief on Reyes's other non-*Padilla* writ grounds. And any findings and conclusions on Reyes's other non-*Padilla* writ grounds was not essential or potentially dispositive to the only issue the State appealed to the Eighth Court. Therefore, the Eighth Court did not err to the extent that it did not remand the case for findings and conclusions on Reyes's other non-*Padilla* writ grounds.

**Summary of the State's reply to Reyes' second issue:** The Eighth Court did not err in determining that the sole basis for the grant of any relief by the trial court was Reyes's *Padilla* claim and that the trial court impliedly denied the rest of his grounds. And in doing so, the Eighth Court did not deprive Reyes of the

11

opportunity to obtain review of the trial court's decision not to grant relief on his other non-*Padilla* writ grounds, since section 8 of article 11.072 of the Code of Criminal Procedure allows a writ applicant to appeal a partial denial of his writ application.

## STATE'S REPLIES TO APPELLEE'S ISSUES PRESENTED

**REPLY TO ISSUES ONE AND THREE: The sole basis for the trial court's grant of writ relief was its conclusion that Reyes's trial counsel rendered ineffective assistance of counsel by failing to properly advise him of the immigration consequences of his guilty plea as required by *Padilla v. Kentucky*. Additionally, the trial court's statements and actions indicate that it rejected and impliedly denied Reyes's other non-*Padilla* writ grounds. Consequently, the Eighth Court did not err in considering Reyes's other grounds to have been rejected or impliedly denied by the trial court. Moreover, none of the trial court's findings and conclusions showed that the trial court intended to grant relief on Reyes's other non-*Padilla* writ grounds. And findings and conclusions on those other writ grounds was not essential or potentially dispositive to the issue the State appealed to the Eighth Court. Therefore, the Eighth Court did not err to any extent that it did not remand the case for findings and conclusions on Reyes's other writ grounds.**

## UNDERLYING FACTS

The State here relies on and adopts the recitation of facts set out in the statement of facts above.

## ARGUMENT AND AUTHORITIES

In his first ground presented for review, Reyes asserts that the Eighth Court of Appeals erred "...in ruling that the trial court failed to identify or rely on any theory of law to support Reyes' non-*Padilla* claim when the trial court was ordered to only supplement its findings of fact and conclusions of law as to Reyes' *Padilla* claim." *See* (Appellee's PDR brief at 19). Specifically, Reyes appears to complain that the Eighth Court, when it abated the State's appeal and remanded

13

the case for supplemental findings and conclusions, erroneously restricted the trial court to supplement its findings and conclusions only with respect to Reyes's *Padilla* claim and that such restriction was erroneous because the trial court made findings and conclusions that Reyes contends is an indication that its grant of writ relief may have been based on non-*Padilla* claims and because his non-*Padilla* claims were potentially dispositive of the trial court's ruling.

Additionally, in his third ground presented for review, Reyes asserts that the Eighth Court erred "by giving binding effect to the trial court's failure to supplement its non-*Padilla* findings of fact and conclusions of law, when the court of appeals restricted the trial court to issuing *Padilla*-related supplemental findings of fact and conclusions of law." *See* (Appellee's PDR brief at 27). Specifically, Reyes appears to complain that the Eighth Court erred in considering the trial court's failure to articulate Reyes's non-*Padilla* claims as the basis of its grant of writ relief as being an indication that the trial court denied those claims.

Because the issues of whether the Eighth Court erred in allegedly restricting the trial court's supplementation of findings and conclusions to Reyes's *Padilla* claims and whether Reyes's other claims were potentially dispositive to the State's appeal of the trial court's grant of writ relief on the basis of *Padilla* rest on whether the Eighth Court properly concluded that the trial court indicated an intent

14

to grant relief only on Reyes's *Padilla* claim, to the exclusion of all others, such that his other claims were impliedly denied, the State will address these two grounds together.

**I.     Because the sole basis for the trial court's grant of writ relief was Reyes's *Padilla* claim, and because the trial court's statements and actions indicated that it rejected Reyes's other grounds, the Eighth Court did not err in considering Reyes's non-*Padilla* writ grounds to have been rejected and impliedly denied.  (Reyes's Ground Three)**

In the context of error preservation, this Court has held that a trial court's ruling on a complaint or objection can be impliedly, rather than expressly, made. *See Rey v. State*, 897 S.W.2d 333, 336 (Tex.Crim.App. 1995).  A trial court's ruling on a matter need not be expressly stated if its actions or other statements otherwise unquestionably indicate a ruling.  *See Montanez v. State*, 195 S.W.3d 101, 104 (Tex.Crim.App. 2006); *Rey*, 897 S.W.2d at 336; *Miller v. State*, 83 S.W.3d 308, 319 (Tex.App.–Austin 2002, pet. ref'd).  Appellate courts will generally find that a trial court made an implicit ruling on an objection when the objection was brought to the trial court's attention and the trial court's subsequent action clearly addressed the complaint.  *See State v. Kelley*, 20 S.W.3d 147, 154 n.3 (Tex.App.–Texarkana 2000, no pet.); *see also Montanez*, 195 S.W.3d at 104 (holding that the record must sufficiently reflect that the trial court ruled adversely on a motion); *Miller*, 83 S.W.3d at 319 (holding that in most cases where a motion

was found to be implicitly overruled, the trial judge took some affirmative action that clearly indicated a ruling).

Applying these principles to the context of the trial court's ruling on a post-conviction writ, where a writ applicant, as the moving party, proffers multiple independent legal grounds to the trial court to justify the grant of habeas-corpus writ relief, a trial court's disposition of grounds not expressly ruled on can be impliedly made if the trial court's actions or other statements otherwise indicate a particular disposition. *Cf. Montanez*, 195 S.W.3d at 104; *Rey*, 897 S.W.2d at 336; *Miller*, 83 S.W.3d at 319; *Kelley*, 20 S.W.3d at 154 n.3. In this case, the trial court's actions and statements indicate that the court rejected and impliedly denied Reyes's other non-*Padilla* writ grounds.

As the Eighth Court correctly noted in this case, and Reyes does not appear to dispute, the clear legal basis for the trial court's grant of writ relief was Reyes's *Padilla* claim: "It is evident from the trial court's original and supplemental findings of fact and conclusions of law that the trial court relied on *Padilla* in concluding that Reyes's trial counsel rendered ineffective assistance, thereby entitling Reyes to habeas-corpus relief." *See Ex parte Reyes*, 2014 WL 2993789 at *4. All throughout the final writ hearing, the trial court's questions, statements, and opinions all indicated that his primary, if not exclusive, concern, was Reyes's

16

*Padilla* claim. (RR3 at 23-24, 26). To the extent that the trial court opined that self-defense seemed like a plausible defense, it was in the context of the discussion between the State and the trial court as to whether Reyes could show that he was prejudiced by any failure of trial counsel to admonish him of the immigration consequences of his guilty plea, and was not in reference to any other ground. (RR3 at 27-29). Specifically, the State argued that in order for Reyes to show a decision to reject the plea bargain to avoid adverse immigration consequences would have been rational under the circumstances, he would need to, among other things, articulate a viable defense, at which point the trial court opined that self-defense might have been plausible. (RR3 at 27-29).

Also, the trial court expressly stated on the record that Reyes had not met his burden of demonstrating actual innocence. (RR3 at 34-35). Specifically, the trial court explained that an actual-innocence claim was one with a high burden of proof, and it correctly assessed that it would not likely be able to find that the quantum of proof presented by Reyes was sufficient to meet that extraordinarily high burden. (RR3 at 34-35). *See Ex parte Chavez*, 371 S.W.3d 200, 206 (Tex.Crim.App. 2012) (holding that in order to obtain relief on a bare actual-innocence claim, a defendant must unquestionably establish his innocence; that is, he must show by clear-and-convincing evidence that, presented with both the

17

inculpatory evidence at trial and the newly discovered or available evidence of innocence, no reasonable juror would have convicted him). The trial court also advised the parties that he would not be adopting either side's proposed findings in their entirety and that he would create his own findings to explain the particular basis for his ruling. (RR3 at 34).

The trial court's initial, self-drafted findings of fact were mostly a recitation of evidence that was or was not presented at the writ hearings. (CR at 130-31). The only writ ground mentioned in these findings was a restatement of Reyes's complaint that trial counsel failed to properly admonish him of the immigration consequences of his guilty plea. (CR at 131). And all of the trial court's initial, self-drafted conclusions of law were devoted to Reyes's *Padilla* claim. (CR at 131-32).

In his appellate brief, Reyes excises half of the trial court's sixth conclusion of law, specifically, Reyes "...was prejudiced...because he has plausible defenses to the underlying charge which, if believed by a jury, could result in an acquittal," to argue that that excerpted portion of the conclusion is indicative of the trial court's intent to grant relief on his other grounds. However, when viewed in the proper context of the entire conclusion of law, that excerpted portion was a portion of a conclusion of law addressing whether Reyes demonstrated prejudice on his

*Padilla* claim and, like the discussion on this matter at the writ hearing, was merely a partial analysis as to whether a decision to reject the plea bargain to avoid adverse immigration consequences would have been rational under the circumstances: "The Defendant was prejudiced because he would not have plead [sic] guilty had he known of the deportation/removal consequences, and because he has plausible defenses to the underlying charge which, if believed by a jury, could result in an acquittal." (CR at 132).

And as will be discussed shortly, the Eighth Court's remand order did not improperly restrict the trial court's supplemental findings to Reyes's *Padilla* claim. The trial court, however, devoted the entirety of its supplemental findings and conclusions of law to Reyes's *Padilla* claim. (SCR at 8-9).[8] While the trial court opined at the writ hearing that it thought Reyes's witnesses testified honestly about what they did or did not see, (RR3 at 30), the only express credibility finding the trial court made in its findings was that it found Reyes's affidavit to be credible only on the issue of his *Padilla* claim.

---

[8] In light of the U.S. Supreme Court's holding in *Chaidez v. United States*, ---U.S.---, 133 S.Ct. 1103, 1111, 1113, 185 L.Ed.2d 149 (2013), and this Court's holding in *Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex.Crim.App. 2013), that *Padilla* was a new rule of criminal procedure that did not retroactively apply to cases already final on direct review, which was dispositive of the State's appeal of the trial court's *Padilla* ruling, the State took no further action regarding the adequacy of the trial court's supplemental findings on Reyes's *Padilla* claim.

Thus, the record reflects that the trial court based its decision to grant writ relief solely on its legal conclusion that Reyes was denied effective assistance of counsel with respect to his *Padilla* claim. And the trial court's statements and actions, specifically: (1) its decision not to grant any requested relief on Reyes's other writ grounds, (2) its decision to specifically address only Reyes's *Padilla* claim in its findings, even when afforded an opportunity to clarify any ambiguity by supplying whatever additional fact findings were necessary to fully explain the reason(s) for its decision to grant relief, and (3) its statements on the record indicating the express rejection of Reyes's actual-innocence claim and its intent to craft its own specific findings, indicate the trial court rejected and impliedly denied Reyes's other writ claims. *Cf. Montanez*, 195 S.W.3d at 104; *Rey*, 897 S.W.2d at 336; *Miller*, 83 S.W.3d at 319; *Kelley*, 20 S.W.3d at 154 n.3.

Consequently, the Eighth Court did not err in considering the trial court's decision not to grant relief on Reyes's other writ grounds as demonstrating that the trial court rejected and implicitly denied those grounds. *Cf. Montanez*, 195 S.W.3d at 104; *Rey*, 897 S.W.2d at 336; *Miller*, 83 S.W.3d at 319; *Kelley*, 20

S.W.3d at 154 n.3.[9] Reyes's third ground presented for review should thus be overruled.

**II. Because none of the trial court's findings and conclusions showed that the trial court intended to grant relief on Reyes's other non-*Padilla* writ grounds, and because those other writ grounds was not potentially dispositive to the issue the State appealed to the Eighth Court, the Eighth Court did not err to any extent that it did not remand the case for findings and conclusions on Reyes's other writ grounds. (Reyes's Ground One)**

In his first ground for review, Reyes complains that the Eighth Court's alleged restriction of the trial court's supplemental findings and conclusions to only Reyes's *Padilla* claim was improper because certain findings by the trial court in its initial findings and conclusions "...reveal that the trial court did not confine itself to Reyes' *Padilla* claim in deciding to vacate Reyes' conviction." *See* (Appellee's PDR brief at 22). Reyes argues that because these findings indicate that the trial court's habeas relief was based on his other writ grounds, the Eighth Court was on notice that there were other potentially dispositive fact issues

---

[9] At the end of his third ground in his PDR brief, Reyes argues that "[t]he court of appeals further disregarded the rule in Texas that courts of appeals are not to take on the role of fact finder or consider findings of fact in a piecemeal fashion...." *See* (Appellee's PDR brief at 31-32). This argument is almost identical to his sixth ground presented for review in his PDR, which reads: "The court of appeals erred in treating and viewing the trial court's findings of fact in a piecemeal fashion, rather than in their totality." *See* (Appellee's PDR at 2, 15-17). Because this Court did not grant review on Reyes's sixth ground, the State will not address that argument here unless otherwise directed by this Court.

21

for which it should have remanded the case for additional findings and conclusions. *See id*.

In support of his argument that the trial court made a number of findings indicating that the trial court intended to grant relief on his other grounds, Reyes, in his PDR brief, points to the following language in the Eighth Court's opinion: "We do not dispute the trial court made additional findings of fact that could ostensibly support Reyes's claims that he was actually innocent and he received ineffective assistance of counsel because his counsel failed to conduct an independent investigation and inform him of the law of self-defense." *See Ex parte Reyes*, 2014 WL 2993789 at *4.

And the findings that Reyes claims indicate that the trial court intended to grant writ relief based on his other grounds are findings that the assault occurred at Garcia's house, that portions of the "confrontation" were witnessed or overheard by Garcia and Reyes's two sons, that there was nothing in the trial court's file that indicated that Garcia and Reyes' sons gave witness statements, that photographs of the complaining witness were not presented at the writ hearing, that the testimony of Garcia and Reyes' sons supports a finding that Maldonado was the aggressor and that Reyes just put his hands on her to get past her and leave, and that Reyes's case was resolved quickly. *See* (Appellee's PDR brief at 21-23). These findings

22

constitute nothing more than a recitation of what evidence was or was not presented at the writ hearing, a description of how Reyes's case progressed procedurally, and the unremarkable observations that the assault occurred where it was alleged to have been committed and that Garcia and Reyes's children were in the home when the assault occurred. *See* (Appellee's PDR brief at 21-23).

It is entirely possible that certain facts lending support to one writ ground might in some form lend support to another completely distinct writ ground. That is because most writ grounds are governed by the same standards for analysis. For example, an analysis of whether a decision to reject a plea bargain and proceed to trial would have been rational under the circumstances for an ineffective-assistance claim alleging the failure to advise as to sex-offender registration requirements, being analyzed under the same standards and factors for a *Strickland* prejudice analysis, would substantially mirror the analysis of whether a decision to reject a plea bargain and proceed to trial would have been rational for an ineffective-assistance claim alleging the failure to advise of immigration consequences. *See, e.g., Padilla*, 559 U.S. at 372 ("[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."); *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 486, 120 S.Ct. 1029, 1036, 1039, 145 L.Ed.2d 985

23

(2000). The trial court's findings as to the strength of the State's case and the existence of viable defensive theories would apply equally to both grounds, but that does not necessarily mean that the trial court found trial counsel to be deficient in both instances. Therefore, the fact that some fact findings might partially support another ground is not dispositive as to whether the trial court intended to grant that writ ground.

The Eighth Court, recognizing that some findings may serve to operate as support for different writ grounds, did not, however, hold that the trial court's findings served to demonstrate Reyes's entitlement to relief on his other writ grounds. Rather, the Eighth Court only held that certain findings could have supported those other grounds in some way.[10] And in this case, the trial court's only finding that suggested deficient performance by trial counsel was its finding that trial counsel failed to properly advise Reyes of the immigration consequences of his guilty plea. (SCR at 8, FoF #1).

There is absolutely nothing in the trial court's findings that suggests that the trial court found that trial counsel lacked a strategic reason, or that there was no

---

[10] For this reason, the State disagrees with Reyes's characterization of the Eighth Court's holding as "...acknowledg[ing] Reyes' [sic] made an ostensible showing in his writ application that he was denied effective assistance of counsel because his trial counsel failed to conduct an independent investigation of the facts and because his trial counsel had failed to inform Reyes of the law of self defense or how this defense applied to his case." *See* (Appellee's PDR brief at 25).

conceivable strategic reason, for not pursuing the theory of self-defense, that trial counsel performed deficiently with respect to any investigation of facts related to self-defense, or that Reyes was prejudiced by any deficient performance by trial counsel's decision not to pursue self-defense. *See Strickland*, 466 U.S. at 687; *Cannon v. State*, 252 S.W.3d 342, 348-49 (Tex.Crim.App. 2008) (holding that a defendant, in order to obtain a reversal of his conviction on the grounds of ineffective assistance of counsel, must demonstrate both deficient performance and prejudice); *cf. Murphy v. State*, 112 S.W.3d 592, 601 (Tex.Crim.App. 2003) (holding that if counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, the Court would defer to counsel's decision and deny relief on an ineffective-assistance claim on direct appeal).[11]

---

[11] The trial court was correct in not making adverse findings with respect to trial counsel's performance in not pursuing self-defense because Reyes, who bore the burden of proof at the writ hearing, did not procure trial counsel's attendance and did not present the trial court with an affidavit from trial counsel. The decision to pursue self-defense as a defensive theory is generally one based on trial counsel's strategy, and the law is well settled that an attorney should not be denounced as ineffective where the record is silent as to the reasons for their action or inaction. *See Ex parte Flores*, 387 S.W.3d 626, 633 (Tex.Crim.App. 2012) ("Counsel's conscious decision not to pursue a defense or to call a witness is not insulated from review, but, unless a defendant overcomes the presumption that counsel's actions were based in sound trial strategy, counsel will generally not be found ineffective.") (citations omitted); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005) (holding that trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective; absent such opportunity, an appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it); *Rylander v. State*, 101 S.W.3d 107, 111 (Tex.Crim.App. 2003); *McDonald v. State*, No. 08-08-00103-CR,

Further, there is nothing in these findings that suggests that the trial court found that Reyes presented newly discovered or available evidence that unquestionably established his innocence. *See Ex parte Chavez*, 371 S.W.3d at 206 (holding that in order to obtain relief on a bare actual-innocence claim, a defendant must unquestionably establish his innocence; that is, he must show by clear-and-convincing evidence that, presented with both the inculpatory evidence at trial and the newly discovered or available evidence of innocence, no reasonable juror would have convicted him). In fact, the trial court expressly stated on the record that Reyes had not met his burden of demonstrating actual innocence.

And as previously discussed, to the extent that the trial court opined that self-defense seemed like a plausible defense, it was in the context of the discussion between the State and the trial court as to whether Reyes could show that he was prejudiced by any failure of trial counsel to admonish him of the immigration consequences of his guilty plea and was not in reference to any other ground. (RR3 at 27-29). Specifically, the State argued that in order for Reyes to show that a decision to reject the plea bargain to avoid adverse immigration

2010 WL 3910424 at *5 (Tex.App.–El Paso, Sept. 30, 2011, pet. ref'd) (not designated for publication) (holding that the decision not to pursue a particular defensive theory is a matter of trial strategy), *citing Gottson v. State*, 940 S.W.2d 181, 185 (Tex.App.–San Antonio 1996, pet. ref'd).

26

consequences would have been rational under the circumstances, he would need to, among other things, articulate a viable defense, at which point the trial court opined at the final writ hearing that self-defense "seem[ed]" plausible. (RR3 at 27-29).

While the State is not asserting that the trial court was necessarily required to use any specific terminology to indicate a legal conclusion that a writ applicant is entitled to relief on a particular ground, the trial court in this case did not state any findings that would, at the very least, give rise to a reasonable inference that the trial court intended to grant relief on Reyes's other writ grounds. Contrary to Reyes's assertions, the trial court's comments and findings do not indicate that the trial court intended to grant him writ relief on any of his non-*Padilla* writ claims and thus did not put the Eighth Court on notice that there were other potentially dispositive fact issues for which it should have remanded the case for additional findings and conclusions. And for the following reasons, the Eighth Court did not err in not remanding the case for findings on Reyes's other writ grounds because those grounds were not potentially dispositive to the Eighth Court's review of the issue raised in the State's appeal–whether the trial court's legal conclusion and ruling that Reyes sufficiently demonstrated his entitlement to writ relief on the basis of *Padilla* constituted an abuse of discretion.

27

In *State v. Cullen*, this Court held that upon request of the losing party on a motion to suppress evidence, the trial court was required to state its essential findings, which are findings of fact and conclusions of law that are adequate to provide an appellate court with a basis upon which it may review a trial court's application of the law to the facts. *See State v. Cullen*, 195 S.W.3d 696, 699 (Tex.Crim.App. 2006). Such a requirement would ensure the proper presentation of the case pursuant to rule 44.4 of the Rules of Appellate Procedure and that appellate resolution of the suppression issue "is based on the reality of what happened [at the trial court level] rather than on [appellate] assumptions that may be entirely fictitious." *See State v. Elias*, 339 S.W.3d 667, 674 (Tex.Crim.App. 2011), *quoting Cullen*, 195 S.W.3d at 698; *see also* TEX. R. APP. P. 44.4(a) ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal if: (1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and (2) the trial court can correct its action or failure to act.").

In *State v. Elias*, this Court further "...continued the route it charted in *Cullen* to ensure that reviewing courts need not presume, assume, or guess at what historical facts a trial judge actually found when making [his] ruling..." by requiring the remand of a case to the trial judge to make findings of fact with

28

greater specificity if the original findings are insufficient to resolve the legal question. *See State v. Mendoza*, 365 S.W.3d 666, 670-71 (Tex.Crim.App. 2012); *Elias*, 339 S.W.3d at 679. Specifically, this Court held that once a trial court has taken it upon itself to enter specific findings and conclusions, it assumes an obligation to make findings and conclusions that are adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the proceedings. *See Elias*, 339 S.W.3d at 676.

In *State v. Mazuca*, however, this Court noted that a remand of that case for more explicit findings was not warranted because there was "...nothing to be gained from a remand under Rule 44.4 to assure 'the proper presentation of' the case on appeal." *See State v. Mazuca*, 375 S.W.3d 294, 308 n.70 (Tex.Crim.App. 2012).

As previously discussed in the State's reply to Reyes's third ground for review, and as discussed above, the record reflects that the trial court based its decision to grant writ relief solely on Reyes's *Padilla* claim and that it implicitly rejected and denied Reyes's other grounds for relief. Therefore, Reyes's writ application was granted in part and denied in part.

In order for a party to appeal an adverse ruling on an article 11.072 habeas-corpus writ application, section 8 of article 11.072 provides that:

If the application is denied in whole or part, the applicant may appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure. If the application is granted in whole or part, the state may appeal under Article 44.01 and Rule 31, Texas Rules of Appellate Procedure. *See* TEX. CRIM. PROC. CODE art. 11.072 § 8.

As previously discussed in the State's reply to Reyes's third ground for review, the sole basis of the trial court's grant of writ relief was Reyes's *Padilla* claim, and the trial court essentially denied, or decided not to grant relief on, Reyes's other writ grounds. The State, pursuant to section 8 of article 11.072, appealed the only adverse ruling it received, which was a partial grant of Reyes's writ application on the basis of his *Padilla* ground.

In his reply brief on direct appeal, Reyes asserted that the trial court provided the Eighth Court "...with all of the supplemental findings of fact and conclusions of law it needs to grant Reyes relief on [his other grounds]...," that the Eighth Court failed to be "more specific" in its remand order about what constituted the missing findings and conclusions, and argued in the alternative that if the Eighth Court found the grant of relief could not be sustained on Reyes's *Padilla* claim, the Eighth Court could not reverse the trial court's ruling on that basis and was required to remand the case for additional findings on his other writ grounds because those other grounds were potentially dispositive of the issue the State raised in its appeal. *See* (Appellee's direct-appeal brief at 20, 22-24, 27-32).

30

Reyes did not, however, separately appeal the adverse determination he received, which was a partial denial of his writ application on his other writ grounds.

Therefore, during the pendency of the State's appeal, the only adverse ruling at issue before the Eighth Court was the State's appeal of the trial court's grant of writ relief on the basis of Reyes's *Padilla* ground. Whether the trial court erred in essentially denying Reyes's other writ grounds, and its reasons for doing so, was not essential or potentially dispositive to whether the trial court correctly concluded that Reyes sufficiently demonstrated his entitlement to writ relief on the basis of *Padilla*. And because Reyes did not appeal the partial denial of his writ application, any findings and conclusions on his other writ grounds were not potentially dispositive to any complaint raised before the Eighth Court.

In order for the Eighth Court to consider Reyes's other writ grounds as potentially dispositive to the issue the State raised in its own appeal, the Eighth Court would have to assume a different conclusion than that reached by the trial court, which was that Reyes demonstrated entitlement to writ relief on his *Padilla* claim, but not on his other writ grounds, and certainly not on the ground of actual innocence. This Court has recently held that an appellate court erred to the extent that it viewed the evidence in the light most favorable to the trial court's ultimate decision to deny appellant's motion to suppress, to the extent that it disregarded an

explicit conclusion by the trial court that a detention, rather than a consensual encounter, had occurred. *See Johnson v. State*, 414 S.W.3d 184, 192 (Tex.Crim.App. 2013). Under this reasoning from *Johnson*, the Eighth Court in this case did not err in viewing the evidence in the light most favorable to the trial court's legal conclusion that Reyes demonstrated his entitlement to writ relief on his *Padilla* claim, and in not assuming contrary conclusions with respect to Reyes's other writ grounds, in order to justify the trial court's ultimate decision to grant writ relief.

Under these circumstances, the Eighth Court did not err in determining that any findings of fact and conclusions of law on Reyes's other writ grounds were not essential or potentially dispositive to any issue before it and that the only additional findings and conclusions it needed from the trial court were those that specifically addressed the adverse ruling before it, specifically, the State's claim that the trial court abused its discretion in determining that Reyes had sufficiently demonstrated his entitlement to writ relief on the basis of *Padilla*. *See, e.g.*, *Mazuca*, 375 S.W.3d at 308 n.70 (noting that a remand of that case for more explicit findings was not warranted under the circumstances because there was nothing to be gained from the remand, and the lack of additional findings would not have prevented the proper presentation of the case on appeal).

For all the foregoing reasons, the Eighth Court did not err to any extent that it did not remand the case for findings and conclusions on Reyes's other non-*Padilla* writ grounds. Reyes's first ground presented for review should thus be overruled.

**REPLY TO ISSUE TWO: The Eighth Court did not err in determining that the sole basis for the grant of any writ relief by the trial court was Reyes's *Padilla* claim and that the trial court impliedly denied the rest of Reyes's writ grounds. And in so determining, the Eighth Court did not deprive Reyes of the opportunity to obtain appellate review of the trial court's decision not to grant relief on his other non-*Padilla* writ grounds, as article 11.072, section 8 of the Code of Criminal Procedure allows a writ applicant to appeal a partial denial of his writ application.**

## UNDERLYING FACTS

The State here relies on and adopts the recitation of facts set out in the statement of facts above.

## ARGUMENT AND AUTHORITIES

In his second ground presented for review, Reyes asserts that the Eighth Court "...erred in ruling that an article 11.072 writ applicant is not entitled to a ruling by the trial court on his potentially dispositive actual innocence and ineffective assistance claims." *See* (Appellee's PDR brief at 24). Specifically, Reyes appears to allege that the Eighth Court erred in determining that the trial court "neither identified nor relied on any other theory of law" in granting writ relief and that its erroneous refusal to review whether his other grounds supported the grant of writ relief deprived him of the opportunity to obtain review of the trial court's decision with respect to those grounds.

As previously discussed, the Eighth Court did not err in determining that the sole basis for the grant of any writ relief by the trial court was Reyes's *Padilla* claim and that the trial court impliedly denied the rest of his writ grounds. *Cf. Montanez*, 195 S.W.3d at 104; *Rey*, 897 S.W.2d at 336; *Miller*, 83 S.W.3d at 319; *Kelley*, 20 S.W.3d at 154 n.3. While the Eighth Court noted that some of the trial court's findings could ostensibly support Reyes's other writ grounds, it did not hold that those findings actually demonstrated his entitlement to relief on another ground, but for the trial court's failure to specifically identify that other ground. Rather, it correctly observed that: "It is evident from the trial court's original and supplemental findings of fact and conclusions of law that the trial court relied on *Padilla* in concluding that Reyes's trial counsel rendered ineffective assistance, thereby entitling Reyes to habeas-corpus relief." *See Ex parte Reyes*, 2014 WL 2993789 at *4.

And in doing so, the Eighth Court did not deprive Reyes of the opportunity to obtain review of the trial court's decision not to grant relief on his other non-*Padilla* writ grounds. As previously discussed, section 8 of article 11.072 allows a writ applicant to appeal a partial denial of his writ application. *See* TEX. CRIM. PROC. CODE art. 11.072 § 8. Nothing but Reyes's own inaction prevented him from obtaining appellate review of the trial court's decision not to grant the other

grounds he raised in his writ application. Instead, Reyes appeared to have abandoned those claims until the U.S. Supreme Court and this Court held that *Padilla* did not apply retroactively and it became apparent that the trial court's grant of writ relief would not be sustained on Reyes's *Padilla* claim.

Consequently, Reyes fails to demonstrate that the Eighth Court erred in determining that the sole basis of the trial court's grant of writ relief was Reyes's *Padilla* claim, and he fails to demonstrate that the Eighth Court's actions somehow prevented him from obtaining appellate review of the trial court's decision not to grant relief on his other writ grounds. Reyes' second ground presented for review should thus be overruled.

## PRAYER

WHEREFORE, the State prays that this Court overrule Reyes's issues presented for review and affirm the judgment of the Eighth Court of Appeals.

Respectfully submitted,

JAIME ESPARZA
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT


/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
DISTRICT ATTORNEY'S OFFICE
203 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 3769
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF COMPLIANCE

The undersigned does hereby certify that the foregoing document contains 8,701 words.


/s/ Lily Stroud
LILY STROUD

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on February 12, 2015, a copy of the foregoing brief was emailed, through an electronic-filing service provider, to appellee's attorney: James D. Lucas, jlucas2@elp.rr.com; and to the State Prosecuting Attorney, information@SPA.texas.gov.

/s/ Lily Stroud
LILY STROUD